947 So.2d 559 (2006)
Kathryn Angie STOUGH, Appellant/Cross-Appellee,
v.
Stephen Michael STOUGH, Appellee/Cross-Appellant.
No. 4D06-603.
District Court of Appeal of Florida, Fourth District.
December 27, 2006.
Heather L. Trailer and H.T. Maloney of Patterson & Maloney, Fort Lauderdale, for appellant/cross-appellee.
George M. Evans of The Law Offices of George M. Evans, P.A., Coral Gables, for appellee/cross-appellant.
GROSS, J.
The husband cross-appeals[1] one aspect of a final judgment of dissolution of marriage.
*560 In the final judgment, the trial court found that the husband "got the benefit of the boat purchased by the Wife's father for $9800.00." Although the husband "testified he sold the boat for $1000.00," the trial court did "not find this testimony credible." The court ruled that the husband would "be responsible for the $9800.00 loan from the Wife's father used to purchase the parties' boat."
On appeal, the husband argues that the "trial judge erred by awarding $9,800.00 in the [f]inal [j]udgment in favor of a non party against the Husband in a dissolution of marriage action." The husband reasons that the "trial court did not have jurisdiction to award damages in favor of a non party," since the father was not joined as a party.
Our reading of the dissolution judgment is that the trial judge equitably distributed the debt to the wife's father as a marital liability under section 61.075, Florida Statutes (2005). This means that the court determined that between the husband and the wife, the husband should be responsible for the debt. This was not an abuse of discretion in light of the evidence presented at trial.
The dissolution judgment is not a final judgment in favor of the wife's father for the underlying debt which the father is entitled to enforce under Chapter 56 or Chapter 77, Florida Statutes (2005).
Affirmed.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] The wife appealed and the husband cross-appealed the final judgment of dissolution of marriage. The wife subsequently filed a motion for dismissal of her appeal which was formalized by a July 17, 2006 order of this court; the husband's cross-appeal remained.