OPHELIA J. CUTHBERT, Respondent, *v.* CORDELIA D. CHAUVET et al., Respondents, THE NEW YORK LIFE INSURANCE AND TRUST COMPANY, Appellant.

The Supreme Court has no power to compel a trustee to consent to a destruction of the trust, and, *it seems,* the statutes of this state have denied to him the power to do any act of his own volition which will accomplish that result. (1 R. S. 679, §§ 63, 65.)

Accordingly *held,* that the Supreme Court had no power to grant an order in an action for partition between heirs and devisees, authorizing and directing a testamentary trustee of certain express trusts which included the real estate in suit to enter into a stipulation providing that a judgment shall be entered adjudging the will void as a will of real property; and this, although the parties interested sanctioned and desired this disposition of the matter.

(Argued November 28, 1892; decided January 17, 1893.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made September 15, 1892, which affirmed an order of Special Term directing the appellant, as administrator, with the will annexed, and as trustee under the will of Francis W. Lasak, deceased, to join in a compromise agreement signed by all the other parties interested.

The facts, so far as material, are stated in the opinion.

*R. S. Emmett* for appellant. The Supreme Court has no power to compel a testamentary trustee to enter involuntarily and against its own judgment into such an agreement as a

matter of compromise, the effect of which will be to extinguish the trust and to enable the *cestui que trust* to alienate her beneficial interest in the trust estate. (Story's Eq. Juris. §§ 64, 974; *Wood* v. *Wood*, 5 Paige, 596; *Douglass* v. *Cruger*, 80 N. Y. 80; *Lent* v. *Howard*, 89 id. 169; *Cruger* v. *Jones*, 18 Barb. 467.) Even if the power to make the order exists in the court, the necessity and expediency of its exercise does not appear. (Code Civ. Pro. § 3653.) Under any circumstances the trustee is entitled for its protection to the order and sanction of the court before making a compromise, and is not to be charged with the costs of the proceeding. (*Jones* v. *Sockett*, 2 Blair, 409.)

*Calvin Frost* for respondent Frost and others. It is within the power of the court to compel the trust company to execute the agreement. (*Constabadie* v. *Constabadie*, 5 Hare, 409; *Bryan* v. *Knickerbacker*, 1 Barb. Ch. 409; *Ireland* v. *Ireland*, 84 N. Y. 321.) The question presented by the present case is not whether the court has the power to set aside a valid trust upon the agreement of the parties in interest, but whether the court has the power to ratify, approve and enforce an agreement entered into by the members of a family to terminate an actual litigation between themselves to defeat the instrument which contains the trust. (1 Story's Eq. Juris. § 132; *Stapilton* v. *Stapilton*, 1 Atk. 10; *Jourdan* v. *Jourdan*, 9 S. & R. 268; *Hibbard* v. *Kent*, 15 N. H. 516; *Cruger* v. *Douglas*, 5 Barb. 225: *Atty.-Gen.* v. *Boncherett*, 25 Beav. 116; Lewin on Trusts, 924.)

MAYNARD, J. The appellant, who is the trustee of certain express trusts of real property, under the will of Francis W. Lasak, deceased, has been authorized and directed by the order of the Supreme Court to enter into a stipulation, which provides that a judgment shall be entered adjudging the will void as a will of real property, and thus annihilating the real estate trusts created by it. We know of no power possessed by any court to compel a trustee to consent to a

destruction of the trust, and the statutes of this state have
denied to a trustee the power to do any act of his own volition
which will accomplish such a result.    The will of Lasak was
admitted to probate by the surrogate of Westchester county
after a prolonged contest, having for its foundation an alleged
want of testamentary capacity, and his decree has been affirmed
by this court.    (*In re Lasak*, 131 N. Y. 624.)    The trustee
has thus become vested with a title to the trust property
which is presumptively valid, and which cannot be impeached
except for the incapacity of the testator or for fraud or undue
influence in the execution of the will.    The burden of estab-
lishing its invalidity is cast by law upon the party assailing it,
and the situation of the trustee in this respect is not different
from that of the grantee of real estate under any other mode
of conveyance.    The grant may always be avoided by showing
the incompetency of the grantor, or that its execution was
procured by fraud or duress.    By the 60th section of the Law
of Uses and Trusts (4 R. S. [8th ed.] 2438) the whole estate
in the lands embraced in the trust provisions of the will is for
the time being vested in the trustee, both in law and in equity,
subject only to the execution of the trust.    A judgment of the
court which compels him to part with his title to this property
without a trial, without the submission of competent proofs,
and without the application of the well established principles
of law regulating the determination of such questions is in
direct violation of the fundamental law of the state and of
society.

It is true that Courts of Chancery and other equity tribu-
nals have always exercised a supervisory power over the man-
agement of trust estates and the conduct of trustees, but they
have never, save in exceptional cases, asserted the power to
dissolve a trust before the expiration of the term for which it
was created.    The exceptions have been rare, and have always
belonged to a well defined class, where the interference of the
court did not disturb or destroy the trust scheme, but was ren-
dered necessary in order to prevent its entire failure.    Trusts
which have become impossible of performance because of the

existence of conditions not anticipated or foreseen when they were created, are of this character; also marriage settlements where the marital relation has been annulled; and other kindred cases.     There was also a larger class, where the court would decree dissolution of the trust upon the application of all the interested parties, but this was strictly limited to cases where the whole design and object of the trust scheme had been practically accomplished, and all the interests created by it had become vested.  (2 Perry on Trusts [3d. ed.] § 920; *Bowditch* v. *Andrew*, 8 Allen 341.)  Even then the assent of the trustee was essential to the exercise of jurisdiction.   In none of these cases could it be said that the plan of the trust had been defeated, or the trust funds diverted from their original purpose.   In all of them the trust had become moribund and its life had practically terminated by the force of events not within the control of the trustee, and for which provision had not been made in the trust deed, and a final distribution of the trust estate could properly be decreed, but we have failed to find a case where it was ever attempted, as it is here, to strangle a trust in its infancy by judicial coercion.   It is unnecessary to inquire whether since the adoption of the Revised Statutes even this limited power of a court of equity to abridge the trust term still survives, for none of the facts have been shown to exist in the present case which are necessary to call for the exercise of its jurisdiction.   The design of the trust has not been accomplished, for its execution has scarcely yet been undertaken by the trustee; the trustee refuses to consent to its extinguishment; and there is no insuperable obstacle in the way of its complete performance according to the intent of the settlor.   The only obstruction, which it is claimed, stands in the way of the consummation of the trust project, is the opposition of the heirs at law of the testator and of the beneficiaries of the trust, who, it seems are not disposed to acquiesce in the decree of the surrogate as a final adjudication upon the mental capacity of their ancestor, and who have brought ten actions in ejectment to recover possession of the lands devised in trust; which have been defended

by the trustee and one of which has been tried and resulted in a disagreement of the jury. An action of partition is also pending, in which this appeal is entitled, brought by one of the heirs, who is also a devisee. What the pleadings are we are not informed, but it is evident that under proper issues, framed according to the provisions of section 1537 of the Code, the validity of the real estate trusts can be litigated, and finally and conclusively determined in this suit. An action has also been commenced for the establishment of the will, but whether brought under section 1866 or 2653a, passed May 14, 1892, does not appear, probably under the former, as the latter is declared not to be retroactive. It must be admitted that this array of litigation is not likely to be productive of great profit to the trust estate, and may possibly tend to its depletion, but it furnishes no sufficient reason why its extinction should be abruptly and summarily decreed by the court. The trustee makes no complaint that in consequence of it he finds the execution of his trust duties difficult or impossible, and the parties who have initiated the litigation will hardly be permitted to make use of it as a plea for the abandonment of the trust provisions in the will. Trusts are usually created for the purpose of withholding from the beneficiaries or other interested parties the control and disposition of the principal of the trust fund for reasons which appear sufficient to the settlor, and they are not as a general rule regarded with satisfaction by the persons who are thus deprived of the possession of the trust estate; and if the precedent here sought to be established should prevail, it would be easy for the parties, who would profit by a dissolution of the trust, to create a condition, which would render such a result attainable. We also think that this order is expressly inhibited by the provisions of sections 63 and 65 of the Statute of Uses and Trusts (4 R. S. [8th ed.] pp. 2438 and 2439), which declare that in a trust of this character the beneficiary cannot assign or in any manner dispose of his interest, and that every sale, conveyance, or other act of the trustee in contravention of the trust shall be absolutely void. The Revised Statutes effected great changes in the law of

trusts. Secret, passive, formal and resulting trusts, with some exceptions, were abolished, and express trusts authorized, but limited to a few designated objects, and their creation in perpetuity prohibited. At the same time the power of the beneficiary and of the trustee to alienate the trust property even with the approval of the court was taken away. The statute plainly endows all express trusts of realty which are valid in their creation with the attribute of indestructibility.

This statute received a construction very soon after its adoption by the Chancellor in *Wood* v. *Wood* (5 Paige, 596), where it was held that the trustee could not even at the request of the beneficiary and with the direction of the Court of Chancery do any act, or consent to a different disposition of the estate, which would be equivalent to a virtual alienation of the property devised to him in trust. In *Cruger* v. *Jones* (18 Barb. 467) the only alienation proposed was a mortgage of the trust estate to provide funds for the erection of buildings and the making of other permanent improvements upon it for the purpose of enhancing its productiveness, and the learned judge who delivered the opinion of the court declared with great earnestness:

" Large as its jurisdiction is, both in law and equity, I know of no such power, even in the Supreme Court, to dispense with the enactment of the legislature, and make that valid which the lawgiver has declared shall be void. The parties interested sanction, it is said, the act, and desire that it may be done. But the law says, in such a trust, the parties beneficially interested cannot assign, or in any manner dispose of, their interest. How, then, can their consenting to, or joining in, the mortgage, improve its efficiency? It is void as the act of the trustee, and void as the act of the beneficiary, and must, therefore, in this view, be void *in toto.*"

This language was quoted with approval by Judge EARL in *Douglas* v. *Cruger* (80 N. Y. 19), where it is said: " The Supreme Court has not the power to destroy a valid trust. The purpose of the statute was to make these trust estates and trust interests indestructible and absolutely inalienable during

the existence of the trust, and if they could be rendered alienable by order of the court, the whole scheme of the statute would be greatly impaired and its purpose thwarted. The statute does not confer upon the Supreme Court power to authorize such conveyances."

The same doctrine was reiterated by Ch. J. Andrews in *Lent* v. *Howard* (89 N. Y. 169).

The authorities to which our attention has been called by the respondent's counsel, all relate to matters resting in the discretion of the trustee. If he has been invested with a discretionary power in the trust deed, the court will closely scrutinize his acts, and interfere to control his conduct whenever necessary to prevent him from so exercising his discretion as to oppress the beneficiary or cause loss to the trust property. In other words, the jurisdiction of the court can always be invoked for the conservation of the trust, but never for its destruction. In the present case the trustee has no discretion to exercise. It has been suggested that he might allow judgment to be taken in this action adjudging the trust provisions of the will to be void, either by the service of an offer, or by a failure to answer. We cannot approve of this view of his powers. The absolute and positive duty is imposed upon him to defend the life of the trust whenever it is assailed, if the means of defense are known to him or can with diligence be discovered. The statute above referred to, which enjoins upon him to refrain from doing any act, which will defeat the trust, embraces defaults and other omissions of duty as well as open and avowed acts of hostility. If a stipulation which permits a judgment to be entered rendering void the trust conveyance is not an act "which contravenes the trust," it will be difficult to conceive of any action on the part of the trustee which could produce such a result.

It is urged that inasmuch as one of the beneficiaries of these trusts is an infant, and his estate is endangered by the litigation, the court had power to intervene and compel the trustee to enter into a compromise which secures a fund for the benefit of the infant, which may otherwise be lost.

Where only the rights of the infant are involved a court of equity undoubtedly possesses large discretionary power which it may exercise for the protection of the property of those who are in law deemed to be its wards; and which may be exerted to control the action of the custodian of the minor or of his estate. But this jurisdiction cannot be employed to deprive others of the title to property which they have lawfully acquired, and the trustee holds the estate committed to him for the benefit of all the parties who are presently or will be eventually entitled to share in its enjoyment.

The orders of the General and Special Terms must be reversed and the petition dismissed, with costs out of the estate.

All concur, except EARL, J., not voting.

Ordered accordingly.