Arthur M. Byers, Executor of the Estate of Frank R. Shallcross, deceased, Edna S. Byers and husband, Arthur M. Byers, Esther S. Briggs and Charles H. Briggs, her husband, Provident Trust Company of Philadelphia, a corporation, *Appellants,* vs. Elizabeth S. Beddow, joined by her husband, Harry A. Beddow, *Appellees.*

142 So. 894.

En Banc.

Opinion filed July 13, 1932.

*Mitchell D. Price & Charles W. Zaring,* and *Robert S. Florence,* Attorneys for Appellants;

No appearance for Appellees.

DAVIS, Commissioner.—A bill of complaint was filed by the appellees in the Circuit Court of Dade County for the purpose of dissolving a trust created by a last will and testament and causing to be delivered to the cestui que trust the property so devised or bequeathed.

It is shown by the bill that the appellee, Elizabeth S. Beddow, is the daughter of Frank R. Shallcross, deceased, who by his last will and testament, a copy of which is attached to the bill as a part thereof, devised and bequeathed one-fourth (1/4) of my entire estate unto the Provident Trust Company of Philadelphia in trust to invest the same in such first mortgage bonds as are owned by the Philadelphia Savings Fund Society or in first mortgages or ground rents and to collect the income thereon and to pay it over half-yearly unto my daughter Elizabeth S. Beddow, the wife of Harry A. Beddow, during the term of her natural life. Upon the death of my said daughter Elizabeth S. Beddow, I give, devise and bequeath the principal of the said trust fund to the children of my said daughter in equal shares provided she is survived by issue. In the event, however, that my said daughter should die without leaving issue to survive the date of her death, then I give, devise and bequeath the principal of the said trust fund to my daughters, Edna S. Byers and Esther S. Briggs, in equal shares. In the event of the death of either of them, their issue shall take their mother's share."

The will also contains a provision which reads as follows:

"My observation has been that but few persons suc-

ceed financially and that it is best for all persons to have some provision made for their maintenance during financial reverses. Hence I direct that the aforesaid bequest and devise of trust funds shall be held in trust for my said daughter Elizabeth S. Beddow during her natural life with the remainders aforesaid without the same being in any manner or under any circumstances, or any form of procedure subject to or liable for her present or future debts, contracts, or acknowledgments. The interest and income shall be paid to her as above directed and her receipts shall be sufficient discharge for the same. She shall not have the right to anticipate, borrow upon or sell her share of the said bequest derived from this will.''

It is also alleged that ''the said remaining heirs interested in said portion of said estate, namely, Edna S. Byers and Esther S. Briggs, who were the sole and only other remaining beneficiaries under paragraph Three of said will, and that the said two other heirs, Edna S. Byers and Esther S. Briggs, joined therein by their husbands, agreed that the interest of your complainant, Elizabeth S. Beddow, should pass to her directly rather than be placed in trust, as provided in paragraph Three of said will; that in accordance with said arrangements, letters of consent were signed by the said Edna S. Byers and husband, and Esther S. Briggs and husband, agreeing to the distribution of said fund so bequeathed to your oratrix, Elizabeth S. Beddow, rather than to be put in trust as set forth in said will;'' that owing to the legal technicalities, and the fact that the executor was unwilling to assume the responsibility without a court decree, the parties were unable to settle the matter; that because of an operation performed in 1928, the appellee, Elizabeth S. Beddow can never be survived by issue; that the estate is ready to be closed and ''in the event said Probate Estate should be closed and the trust estate, as provided in paragraph

three of said will, placed in the hands of the said Provident Trust Company of Philadelphia thereby setting up and putting it into active force, that same will prevent the carrying into effect of the distribution of the estate of Frank R. Shallcross with particular reference to paragraph Three thereof, as requested by him in his last illness; that is, it would prevent your oratrix, Elizabeth S. Beddow, from receiving directly her one-fourth interest in and to said estate, as desired by the said Frank R. Shallcross prior to his death."

Attached to the bill and made a part thereof are two letters, one from Mrs. Byers and her husband, as an individual, and not as Executor, stating that they are willing that the appellee, Mrs. Beddow, be given her "share in the estate, if it is possible," and the other from Mrs. Briggs and husband, in which they say they are willing for said appellee to receive "her share of Dad's estate outright, instead of it being held in trust" for her under the terms of the will.

A general and special demurrers to the bill were filed, and these demurrers were overruled by the Court. Thereupon, the executor made a motion to vacate the order overruling the demurrers and this motion was denied. From the interlocutory orders overruling the demurrers and denying the said motion, an appeal was taken to this Court.

Section 5457 of the Compiled General Laws of Florida, 1927, reads as follows:

"Every person of the age of twenty-one years, being of sound mind, shall have power by last will and testament in writing, to devise and dispose of his lands, testaments and hereditaments, and of his estate, right, title and interests in the same in possession, remainder or reversion, and of personal property."

It is not alleged that the will should be set aside and disregarded because of testamentary incapacity at the

time of its execution, or because testator was induced to sign the same by reason of fraudulent representations, duress or undue influence brought to bear upon him, but because Mrs. Byers and Mrs. Briggs, "the only other remaining beneficiaries under provision 3 of said will," and their respective husbands agree that Mrs. Beddow's interest "should pass to her directly rather than be placed in trust."

"It has been repeatedly held here that the intention of the testator as expressed in the will shall prevail over all other considerations, if consistent with the principles of law."

Blocker vs. Blocker, 103 Fla. 285, 137 So. 249, and authorities therein cited.

While we do not have the benefit of a brief for the appellees, the allegations of the bill do not warrant the inference that the trust provision of the deed is in conflict with legal principles. In the absence of such contention, we will assume that the validity of the will cannot be questioned.

"Equity tribunals have always exercised a supervisory power over the management of trust estates and the conduct of trustees, but they have never, save in exceptional cases, asserted the power to dissolve a trust before the expiration of the term for which it was created. Trusts which have become impossible of performance are among the exceptions, and so are marriage settlements where the marital relation has been annulled, and other kindred cases. There was also a larger class, where the Court would decree dissolution of the trust on the application of all the interested parties, but this was strictly limited to cases where the whole design and object of the trust scheme had been practically accomplished, and all the interest created by it had become vested and all the parties beneficially interested desired its termination. Even then the assent of the trustee was essential to the exercise of jurisdiction; although there is some authority for the rule that the consent of the trustee

is not necessary and that he has no standing in court to resist the application where he is not interested except to the extent that he might become entitled to compensation for his further services.''

26 R. C. L. 1211. Cuthbert vs. Chauvet, 136 N. Y. 326, 32 N. E. 1088, 18 L. R. A. 745.

Wherever courts are called on to dissolve or terminate a trust, they will be careful not to defeat any object of the trustor apparent from his declaration of the purposes of the trust; to this end, courts must decline to act when there are, or may be, persons interested in the trust who are not before the Court. 26 R. C. L. 1212; 2 Perry on Trusts & Trustees, 7th Ed. 1562; First Wisconsin Tr. Co. v. Hamburger, 185 N. W. 270, 201 N. W. 267, 37 A. L. R. 1413.

In the instant case there are contingent interests in the trust which cannot be determined until the death of Mrs. Beddow. Furthermore, the language of the will denotes an intention on the part of the testator to postpone the vesting of the remainder estate until the death of Mrs. Beddow, and in the meantime to withhold from her the management of the property left in trust. A termination of the trust would defeat the trust scheme of the testator, as shown by his will.

In a case where the Court of Appeals of New York was called upon to affirm an order directing a trustee to join in a compromise settlement as a result of litigation instituted by partially disinherited heirs of one Frances W. Lasek, who died leaving a will by which certain property was left in trust for certain specified objects, the court in reversing the order, used certain language which may be applied to this case, which language is as follows:

"Trusts are usully created for the purpose of withholding. from the beneficiaries or other interested parties, the control and disposition of the principal of the trust fund for reasons which appear sufficient to the settlor, and they are not as a general rule, re-

garded with satisfaction by the persons who are thus deprived of the possession of the trust estate; and if the precedent here sought to be established should prevail, it would be easy for the parties who would profit by a dissolution of the trust to create a condition which would render such a result attainable.''

Cuthbert vs. Chauvet, 136 N. Y. 326, 32 N. E. 1088, 18 L. R. A. 745. See also Eakle vs. Ingram, 142 Cal. 15, 75 Pac. 566, 100 A. S. R. 99; Wilce vs. Van Anden, 248 Ill. 358, 94 N. E. 42, 140 A. S. R. 212, 21 Ann. Cas. 153.

It is plainly the testator's will that only the income from one-fourth of his estate be paid by the trustee to Mrs. Beddow, during the term of her life, and that no part of the corpus of the estate should be turned over to her. He had the right to make the disposition of his property which he did make. If we were to concede, which we do not, that all parties beneficially interested could apply to the Court and have the trust terminated, we would still have to reverse the order of the lower court in overruling the demurrer, because it appears that the interests of Mrs. Byers and Mrs. Briggs in said one-fourth interest in the estate are contingent upon Mrs. Beddow dying without children. We have not lost sight of the allegations of the bill to the effect that Mrs. Beddow can never be survived by issue. Such allegations do not overcome the objections to the bill. Testimony of medical witnesses that the physical condition of a woman will prevent her from becoming the mother of children will not be received for the purpose of terminating a trust estate in property. It has been held in many American cases that the possibility of issue in an adult woman is always supposed to exist as long as she lives. Farrington vs. Comm. Int. Rev., 30 Fed. (2d) 915, 67 A. L. R. 535; Hill v. Sangoman L. & F. Co., 295 Ill. 619, 129 N. E. 454; Flora vs. Anderson, 67 Fed. 182; Sims vs. Birden, 197 Ala. 690, 73 So. 379, 744; Re Dougan, 139 Ga. 351, 177 S. E. 158, 48 L. R. A. (N. S.)

868, Ann. Cas. 1914 B. 868; May vs. Bank of Hardins-burg & T. Co., 150 Dy. 136, 150 S. W. 12, 48 L. R. A. (N. S.) 865; Re Richards Tr. Est., 97 Md. 608, 55 Atl. 384, 63 L. R. A. 145; State vs. Lash, 16 N. J. L. 380, 32 A. D. 397; Bowlin vs. R. I. Hospital Tr. Co., 31 R. I. 289, 76 Atl. 348, 140 A. S. R. 758, 22 C. J. 124; Note 67 A. L. R. 540.

On the question of admitting such evidence, we quote with approval the following from an opinion of the Maryland Court of Appeals in Ricards vs. Safe Deposit & Trust Co., 97 Md. 608, 55 At. 384, 63 L. R. A. 145, 148:

"The admission of such evidence in a case like this, where the avowed purpose of the proceeding is to cut out or strike down an estate in remainder, would or might be productive of most disastrous results. If, because of physical degeneracy, atrophy, or decay, a medical man may, in a controversy involving title to an estate, testify that a woman is incapable of bearing children, so that a trust deliberately created for her benefit during her life only may be brought to an end, with a view of vesting an absolute interest in her, or so that the vesting of a remainder may be accelerated, no one can foretell to what lengths such a precedent would lead. A surgical operation extirpating the uterus, for instance, would make it absolutely certain that no issue could be borne. If proof like that now under consideration were admitted, upon what principle could evidence showing that an operation of the kind indicated had been performed be excluded? And, if not excluded, what would prevent interested parties from resorting to such or similar operations, if by a resort to them a mere equitable life estate could be converted into an absolute interest? It is wholly immaterial whether the inability to bear children arises from natural or from artificial causes. It is not the cause, but the fact, that alone controls the question, and the single fact to which the law looks is death.

"Upon a case of first impressions, as this case is, we are bound to examine and weigh the results that

may lie beyond the narrow horizon of an isolated controversy, and to consider the moral aspects of the situation, in reaching a conclusion which, when reached, may be fraught with such dangerous and demoralizing consequences. It is obviously not the province of courts of justice, and especially courts of equity, to encourage in any way a resort to a method like this for defeating a settlement or terminating a trust. If the evidence set out in the record should be received, no line could be drawn restricting or marking its limits, and no satisfactory reason could be given for the exclusion of the other species to which we have alluded; and, if the latter sort of evidence be admitted, a court of conscience would be made the instrument for the promotion or encouragement of acts most manifestly subversive of good morals.''

See also Note 67 A. L. R. 548 and authorities therein cited.

If under the law evidence cannot be received for the purpose of establishing such fact, an allegation of the fact in the bill can be of no avail to the complainant on demurrer thereto.

It follows that the Court erred in overruling the demurrers to the bill of complaint, and for such error, the order is reversed and the cause is remanded with directions to dismiss the bill.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the orders of the Court below be, and the same are hereby reversed, and the cause is remanded with directions to enter a decree dismissing the bill of complaint.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.