HURLEY, Judge.
The principal issue on appeal is whether the trial court erred by impressing an equitable lien on the marital home in favor of the wife’s parents who were not parties to the litigation. We answer in the affirmative and reverse.
In the dissolution action below, the wife claimed entitlement to a special equity because of several loans from her parents. She claimed that the loan proceeds had been used to improve various homes owned by the parties during their marriage. The trial court credited this testimony and awarded the wife a $25,500.00 special equity.[1] Subsequently on rehearing, the trial court was advised that a loan to both parties could not support a special equity in favor of one party.[2] Therefore, the court amended the final judgment and impressed an equitable lien in the amount of $25,-500.00 on the marital home in favor of the wife’s parents.
Although it is true that under extraordinary circumstances a trial court may exercise its jurisdictional power to make special provisions limiting the use of property held in common by the parties, see, e.g., Blunnie v. Blunnie, 415 So.2d 156 (Fla. 4th DCA 1982), it does not have jurisdiction to adjudicate property rights of non-parties. Accord McCready v. McCready, 356 So.2d 337 (Fla. 4th DCA), cert. denied, 364 So.2d 887 (Fla.1978); Art Advertising Co. v. Associated Press, 340 So.2d 1291 (Fla. 2d DCA 1977). Thus, we are compelled to reverse the finding of an equitable lien. Our action, however, is without prejudice to the right of the wife’s parents to institute a separate action.
With respect to the other matters on appeal, we affirm the trial court’s finding of a $5,000.00 special equity in favor of the wife. See Marsh v. Marsh, 419 So.2d 629 (Fla.1982). Furthermore, we affirm the trial court’s decision to hold the husband solely responsible for the maintenance of the marital home prior to its sale. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Finally, we find no abuse of discretion and, therefore, affirm the trial court’s decision not to reopen the case upon the husband’s allegation of newly discovered evidence. See Dade National Bank of Mi *622 ami v. Kay, 131 So.2d 24 (Fla.3d DCA), cert. denied, 135 So.2d 746 (Fla.1961).
Affirmed in part and reversed in part.
ANSTEAD, J., and SHAHOOD, GEORGE A., Associate Judge, concur.

. This was one of two special equities awarded to the wife. The second, for $5,000, is mentioned hereafter.

. McCready v. McCready, 356 So.2d 337 (Fla. 4th DCA), cert. denied, 364 So.2d 887 (Fla.1978); Howard v. Howard, 310 So.2d 430 (Fla. 4th DCA 1975).