991 So.2d 394 (2008)
Madeline Muscara JULIANO, Appellant,
v.
August B. JULIANO, Appellee.
No. 4D07-1271.
District Court of Appeal of Florida, Fourth District.
September 17, 2008.
*395 Lauren J. Schindler and James D. Ryan of Ryan & Ryan Attorneys, P.A., North Palm Beach, for appellant.
Barbara J. Compiani and Jane Kreusler-Walsh of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, and Melinda Penney Gamot of the Gamot Law Firm, P.L., Palm Beach Gardens, for appellee.
SHAHOOD, C.J.
This is an appeal by Madeline Muscara Juliano, former wife, from the Final Judgment of Dissolution of Marriage Including Judgment of Conveyance of Real Property.
The former wife raises several issues on appeal. The first issue raised is that the trial court erred in awarding a non-party creditor, the August B. Juliano Family Trust, a judgment interest against the sale proceeds of the former wife's homestead property. We agree and reverse.
Prior to the marriage of the parties, in 1977, the former husband created the August B. Juliano Family Trust. The former husband was the trustee and grantor of the Trust at that time. The former husband had four children from a prior marriage whom he named as the beneficiaries to the Trust along with any children they might have.
The parties married in 1986. At the time of the marriage it was understood by the former wife that the former husband was having certain legal problems with the IRS and that a tax lien was filed against him. As a result, the former husband could not have any of his assets in his name. The former wife believed that the former husband would keep his assets in the Trust and that she was a beneficiary. The former husband denies ever telling the former wife that she was a beneficiary of the Trust.
In 1999, the former husband resigned as trustee of the Trust, leaving his son, Jeffre, as the sole trustee, although the former husband retained written powers of attorney.
In 2002, the former wife and former husband purchased a home at 714 Ocean Drive, Juno Beach, FL for $3.8 million. The former wife put down a $50,000 deposit and the former husband obtained two separate sums, $3.4 million and $400,000, from the Trust. The sums came via a mortgage and promissory note payable to the Trust, respectively. The former wife admits to signing the mortgage but not the promissory note. The former husband did not sign either and testified to observing the former wife sign both documents. The former wife testified that the former husband *396 told her initially that the Trust did not have to be paid back but later changed his mind.
The Ocean Drive home was titled solely in the former wife's name because the former husband wanted it that way, although the former husband did intend to be a title holder in the future. The former wife viewed the home as their retirement home. She maintained her residence there and applied for a homestead on the property.
Before the dissolution of the marriage, the $3.4 million mortgage on the Ocean Drive home was paid off. The former husband testified that the funds to pay off the mortgage came from the sale of certain properties the former husband and former wife owned but which were titled in the former wife's name to protect the assets from the IRS. The $400,000 promissory note remained outstanding.
In 2004, the former wife filed a Petition for Dissolution of Marriage. The former husband filed a Counter-Petition for Dissolution of Marriage seeking special equity and the partition of the Ocean Drive home.
After a trial, the trial court in its Final Judgment of Dissolution of Marriage Including Judgment of Conveyance of Real Property, discussed how the assets from the sale of the Ocean Drive home should be divided:
After paying all reasonable and customary costs of sale, and after satisfying the $400,000.00 promissory note in favor of the August B. Juliano Family Trust, dated March 19, 2002, the remaining proceeds shall be equally divided between the parties.
Pursuant to section 61.075, Florida Statutes (2007), a trial court has the authority to identify all marital liabilities and designate which spouse shall be responsible for each liability. See, e.g., Stough v. Stough, 947 So.2d 559, 560 (Fla. 4th DCA 2006) (former husband found to be responsible for loan from the former wife's father that was used to purchase the couple's boat). However, a trial court cannot, in a dissolution proceeding, "adjudicate property rights of a non-party." Barabas v. Barabas, 923 So.2d 588, 590 (Fla. 5th DCA 2006); see, e.g., Labato v. Labato, 433 So.2d 620, 621 (Fla. 4th DCA 1983) (trial court erred in placing lien on marital home in dissolution action in favor of former wife's parents to satisfy a loan they had given the couple to improve their home).
In this case, as in Labato, the trial court erred in awarding the Trust, an unnamed party, $400,000 from the sale of the Ocean Drive home instead of allocating the debt to one of the parties.
We have carefully examined the record on all remaining issues raised and hold them to be without merit and affirm.
Affirmed in part; Reversed in part and Remanded for Entry of an Amended Final Judgment.
HAZOURI and DAMOORGIAN, JJ., concur.