GALLEN, THOMAS M., Associate Senior Judge.
 

 Cynthia Crescenze appeals a circuit court order denying her motion to intervene in a suit to terminate or revoke a trust in which she is a beneficiary. We reverse the order on appeal for the reasons explained below.
 

 Crescenze is one of several beneficiaries of the Bothe Family Revocable Trust Agreement, executed by Andreas Bothe (the decedent) and his wife, Pamela Hansen, during them marriage. Both the decedent and Hansen were named as trustees of the trust. The decedent also executed a will during their marriage, which named Hansen as the sole hem and included a pour-over clause bequeathing all of the decedent’s estate to the trust in the event that Pamela Hansen predeceased the decedent.
 

 The decedent and Hansen subsequently divorced, and the decedent died seven days later on March 22, 2006, making the bequest to Hansen in the will void pursuant to section 732.507(2), Florida Statutes (2005).
 

 The decedent’s mother, E. Marie Bothe, filed suit to terminate or revoke the trust, naming Hansen as the only defendant. Crescenze and the other beneficiaries were not joined in or provided notice of the suit to terminate or revoke the trust. The circuit court consolidated the suit to terminate or revoke the trust with the probate proceeding.
 

 On March 20, 2008, the circuit court entered an order granting partial summary judgment in favor of Bothe terminating the trust. On March 27, 2008, Cres-cenze filed a motion to intervene, which was denied on April 11, 2008. On May 1, 2008, the circuit court entered final summary judgment in favor of Bothe terminating the trust.
 
 [1]
 

 On appeal, Crescenze argues that the circuit court erred in denying her motion to intervene. We agree. Cres-cenze is a beneficiary of the trust, and “Florida has long followed the rule that the beneficiaries of a trust are indispensable parties to a suit having the termination of the beneficiaries’ interest as its ultimate goal.”
 
 Fulmer v. N. Cent. Bank,
 
 386 So.2d 856, 858 (Fla. 2d DCA 1980) (citing
 
 Byers v. Beddow,
 
 106 Fla. 166, 142 So. 894, 896 (1932), which held that a court called upon “to dissolve or terminate a trust ... must decline to act when there are, or may be, persons interested in the
 
 *33
 
 trust who are not before the court”). “Indispensable parties are necessary parties so essential to a suit that no final decision can be rendered without their joinder.”
 
 Sudhoff v. Fed. Nat’l Mortgage Ass’n,
 
 942 So.2d 425, 427 (Fla. 5th DCA 2006).
 

 The circuit court concluded that Crescenze’s request to intervene was barred because it was not filed prior to the expiration of the two-year statute of limitations set forth in section 733.710(1), Florida Statutes (2005). However, it is clear from the language of the statute and its place in chapter 733 of the Probate Code that section 733.710(1) applies exclusively to claims against an estate in a probate proceeding and has no application in a civil action to terminate a trust.
 
 See also
 
 Henry P. Trawick, Jr.,
 
 Tmwick’s Redfeam Wills and Administration in Florida
 
 § 2:11 (2008-09 ed.) (recognizing that “[sjeveral statutes of limitation apply only to probate matters” and discussing section 733.710).
 

 Because Crescenze is a beneficiary of the trust and therefore an indispensable party to the action seeking to terminate or revoke the trust, we reverse the circuit court’s order denying Crescenze’s motion to intervene and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 FULMER and SILBERMAN, JJ., Concur.
 

 [1]
 

 . Hansen appeals die final summary judgment in case 2D08-2688.