LaROSE, Judge.
 

 Pamela Jean Hansen appeals the circuit court’s final summary judgment in favor of
 
 *215
 
 E. Marie Bothe, who sought to terminate or revoke the Bothe Family Revocable Trust Agreement. We reverse.
 

 We recently summarized the facts of this case in
 
 Crescenze v. Bothe,
 
 4 So.3d 31 (Fla. 2d DCA 2009). There, we reversed the circuit court’s order denying Ms. Cres-cenze’s motion to intervene in the action to terminate or revoke the trust.
 

 [T]he Bothe Family Revocable Trust Agreement [was] executed by Andreas Bothe (the decedent) and his wife, Pamela Hansen, during their marriage. Both the decedent and Hansen were named as trustees of the trust. The decedent also executed a will during their marriage, which named Hansen as the sole heir and included a pour-over clause bequeathing all of the decedent’s estate to the trust in the event that Pamela Hansen predeceased the decedent.
 

 The decedent and Hansen subsequently divorced, and the decedent died seven days later on March 22, 2006, making the bequest to Hansen in the will void pursuant to section 732.507(2), Florida Statutes (2005).
 

 The decedent’s mother, E. Marie Bothe, filed suit to terminate or revoke the trust, naming Hansen as the only defendant.
 

 [[Image here]]
 

 ... On May 1, 2008, the circuit court entered final summary judgment in favor of Bothe terminating the trust.
 

 Id.
 
 at 32.
 

 In the judgment before us, the circuit court reasoned that the trust terminated upon the divorce of Andreas Bothe and Ms. Hansen. Finding that a marital settlement agreement divided their assets, the circuit court concluded that full trust ownership vested in Andreas Bothe by operation of law under the doctrine of merger. The result: Ms. Bothe became Andre-as Bothe’s sole intestate heir, and nine remainder beneficiaries lost any rights they had under the trust.
 
 [1]
 

 Ms. Hansen argues that the trust remained valid notwithstanding the marital settlement agreement and divorce. She contends that the circuit court misapplied the doctrine of merger.
 
 [2]
 
 We agree.
 

 We review the judgment de novo.
 
 See Roberts v. Sarros,
 
 920 So.2d 193, 194-95 (Fla. 2d DCA 2006). We note that “ ‘[t]he polestar of trust interpretation is the settlors’ intent.’ ”
 
 Id.
 
 at 195 (quoting
 
 L’Argent v. Barnett Bank, N.A.,
 
 730 So.2d 395, 397 (Fla. 2d DCA 1999)). If the trust language is unambiguous, we avoid extrinsic evidence.
 
 Id.
 
 Additionally, we prefer any reasonable construction of an estate plan over an interpretation that causes intestacy.
 
 See Wehrheim v. Golden Pond Assisted Living Facility,
 
 905 So.2d 1002, 1007 n. 6 (Fla. 5th DCA 2005).
 

 Andreas Bothe and Ms. Hansen were the trust’s grantors and trustees. Their marital settlement agreement contained no language addressing legal title to trust property. Ms. Hansen concedes, however, that she relinquished any rights under the trust. We assume, for purposes
 
 *216
 
 of this appeal, that the divorce ended Ms. Hansen’s status as trustee. Consequently, Andreas Bothe, alone, could amend or terminate the trust, claim legal ownership to the remaining assets, or claim any rights as a testamentary beneficiary. He made no changes; he left his estate plan intact.
 

 Ms. Bothe incorrectly argues that the marital settlement agreement “dissolved” the trust because the grantors and trustees divorced. The trust has no such provision. Ms. Bothe cites to no relevant Florida law that requires the survival of the grantors or trustees for the trust to survive. To the contrary, section 689.075(1), Florida Statutes (2005), validates trusts with testamentary provisions. Article VI of the trust agreement provides that, upon death of the grantor, the trust shall be distributed by the trustee for the benefit of nine beneficiaries. Article XV B. of the trust agreement names two individuals, or their survivors, to serve as successor co-trustees in the event the original trustees, Andreas Bothe and Ms. Hansen, “fail or cease to serve as [t]rustee for any reason.”
 

 The circuit court relied on the merger doctrine to conclude that the trust ceased to exist. The merger doctrine terminates the trust if the legal and equitable interests in the trust are held by one person. Mary F. Radford, George Gleason Bogert & George Taylor Bogert,
 
 The Law of Tnsts & Trustees,
 
 § 1003 (3d ed. 2006). Courts hesitate to employ the doctrine where injustice or frustration of the set-tlors’ intent would result.
 
 Id.
 
 Upon the establishment of a trust, the legal title is held by the trustee, but equitable title rests with the beneficiary.
 
 In re Wells,
 
 259 B.R. 776, 779 (Bankr.M.D.Fla.2001).
 

 The rationale behind the merger doctrine holds that “[w]hen the trustee is the only beneficiary, the trust is no longer needed to carry out the intention of the settlor.” The merger doctrine is applicable where either the entire beneficial interest passes to the trustee or where the legal title passes to a sole beneficiary. Upon merger of the legal and equitable titles, the holder of both interests possesses fee simple ownership of the property.
 

 Id.
 
 (citations and footnote omitted).
 

 Merger is inapplicable here. To the extent that Andreas Bothe became the sole grantor/trustee upon divorce, he held sole legal title; his intended remainder beneficiaries, however, retained an equitable interest.
 
 See Wells,
 
 259 B.R. at 779;
 
 see also Denver Found. v. Wells Fargo Bank, N.A.,
 
 163 P.3d 1116, 1125 (Colo.2007) (emphasizing that for the doctrine of merger to apply, the legal and beneficial interests must be completely coextensive; if other equitable interests remain, the trust will not terminate).
 

 Reversed and remanded.
 

 WALLACE and KHOUZAM, JJ, concur.
 

 [1]
 

 . Ms. Bothe was not a beneficiary of the trust or the will.
 

 [2]
 

 . Ms. Hansen raises a novation issue that was not ruled upon by the circuit court. We cannot address it.
 
 See Miller v. Miller,
 
 709 So.2d 644 (Fla. 2d DCA 1998). She also argues that she was an appropriate trustee and personal representative, or that the successor trustee provision should have been followed. We agree that it was error to appoint Ms. Bothe as personal representative. On remand, the circuit court should revisit the appointment of Ms. Hansen as trustee and personal representative, or it should follow the trust's successor co-trustee provision.