NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LEAH ANN WILTGEN NELSON,           )
n/k/a LEAN ANN WILTGEN,            )
                                   )
          Appellant,               )
                                   )
v.                                 )     Case No. 2D15-4585
                                   )
RAYMOND L. NELSON,                 )
                                   )
          Appellee.                )
_____  )

Opinion filed December 16, 2016.

Appeal from the Circuit Court for Collier
County; Joseph G. Foster, Judge.

Lisa P. Kirby of The Law Offices of Lisa P.
Kirby, P.A., Naples, for Appellant.

John C. Clough, Rebecca Zung-Clough, and
David S. Schnitzer of Zung Clough, PLLC,
Naples, for Appellee.


BADALAMENTI, Judge.

          This is an appeal from a final judgment of dissolution of the marriage of

Raymond L. Nelson (the Former Husband) and Leah Ann Wiltgen (the Former Wife).

During their marriage, the Former Husband purchased a residential home in Palm

Desert, California (the California home), and titled it in both his and the Former Wife's

names.  The parties then transferred the California home into the Leah W. Nelson Marital Trust (the Trust), an irrevocable trust established in 2010 by the Former Husband for the benefit of the Former Wife and her descendants.  The Former Husband named the Former Wife as the sole trustee of the Trust.  The Former Wife argues that the trial court erred by characterizing the California home as a marital asset subject to equitable distribution.  We agree.  We thus reverse the trial court's equitable distribution and remand with instructions for the trial court to address the equitable distribution of the marital assets anew.

As a threshold matter, our de novo review yields that the trial court properly construed the Trust as irrevocable.  We discern the settlor's intent from the plain and ordinary meaning of the terms set forth in the Trust instrument.  See Jervis v. Tucker, 82 So. 3d 126, 128-29 (Fla. 4th DCA 2012) ("[W]here the terms of an agreement . . . are unambiguous, its meaning and the intent of the maker are discerned solely from the face of the document, as the language used and its [plain] meaning controls." (citing In re Estate of Barry, 689 So. 2d 1186, 1187-88 (Fla. 4th DCA 1997))).

Section 736.0602(1), Florida Statutes (2015), provides that a settlor may "revoke or amend" a trust unless "the terms of [the] trust expressly provide that the trust is irrevocable."  Tracking the language of section 736.0602(1), the terms of the Trust instrument unambiguously state that the Former Husband, as settlor, "waive[s] all right, power and authority to alter, amend, modify, revoke or terminate this trust instrument and the trust hereby evidenced."  Moreover, the Trust instrument sets forth no terms authorizing the Former Husband, as settlor, to amend or revoke the Trust.  Further still, the Trust instrument does not contain a provision dissolving the Trust upon divorce.  Cf.

- 2 -

Hansen v. Bothe, 10 So. 3d 213, 216 (Fla. 2d DCA 2009) ("Ms. Bothe incorrectly argues that the marital settlement agreement 'dissolved' the trust because the grantors and trustees divorced. The trust has no such provision."). Because there is no ambiguity on the face of the Trust instrument, we do not look beyond the terms set forth in the instrument to derive the settlor's intent. See Vigliani v. Bank of Am., N.A., 189 So. 3d 214, 219 (Fla. 2d DCA 2016); Hansen, 10 So. 3d at 215; Jervis, 82 So. 3d at 128-29. As such, the Former Husband created an irrevocable trust for the benefit of the Former Wife and her descendants.

Having determined that the Trust is irrevocable, we now review de novo the trial court's characterization of the California home, an asset of the Trust, as a marital asset subject to equitable distribution.[1] See Tradler v. Tradler, 100 So. 3d 735, 738 (Fla. 2d DCA 2012). The legislature has set forth a statutory scheme to guide the trial court's equitable distribution of assets upon dissolution of a marriage. See § 61.075, Fla. Stat. (2015). Under Florida's equitable distribution statute, marital assets include "[a]ssets acquired . . . during the marriage, individually by either spouse or jointly by them." § 61.075(6)(a)(1)(a). Nonmarital assets include "[a]ssets acquired . . . by either party prior to the marriage, and assets acquired . . . in exchange for such assets . . . ." § 61.075(6)(b)(1). The statute also creates a rebuttable presumption that assets acquired by either spouse during the marriage are presumed to be marital assets: "All assets acquired . . . by either spouse subsequent to the date of the marriage and not specifically established as nonmarital assets . . . are presumed to be marital

---

[1]The parties transferred the California home to the Trust seven months after the Former Husband initially funded the Trust with $10 cash.

assets . . . . Such presumption is overcome by a showing that the assets . . . are nonmarital assets . . . ." § 61.075(8).

Section 736.04113(1) states: "<u>Upon the application of a trustee of the trust or any qualified beneficiary</u>, a court at any time may modify the terms of a trust that is not then revocable . . . ." (Emphasis added.) Once a trustee or any qualified beneficiary makes such an application to the trial court, the statute states that the trial court "shall consider the terms and purposes of the trust, the facts and circumstances surrounding the creation of the trust, and extrinsic evidence relevant to the proposed modification." § 736.04113(3)(a). The Former Husband argues that he, as the settlor of the Trust, presented unrebutted testimony that the Trust was created as an estate planning mechanism intended to protect the California home from claims made by his heirs in the event he were to predecease the Former Wife during the marriage. He asserts that the purpose of the establishment of the Trust is no longer necessary now that the parties have divorced and contends that section 736.04113 authorized the trial court to modify the Trust and thus reach the assets of the Trust for the purpose of equitable distribution. The unambiguous language of section 736.04113(1) compels us to decline the Former Husband's invitation to construe section 736.04113 in that manner.

Furthermore, the record is devoid of any evidence that the Former Wife, as trustee and beneficiary, filed an application to request modification or termination of the Trust in the first instance. There is also no record evidence that the Former Wife's adult daughter, who is named as a beneficiary in the Trust instrument, made application for such a modification or revocation. Absent an application made by a trustee or

- 4 -

beneficiary of the Trust requesting modification or termination, the text of section 736.04113 yields but one conclusion—the trial court had no authority to modify the Trust and reach the California home, an asset of the irrevocable Trust. See § 736.04113; cf. In re Marriage of Epperson, 107 P.3d 1268, 1274 (Mont. 2005) (affirming trial court's termination of family irrevocable trust under judicial termination statute similar to section 736.04113, where husband trustee petitioned for termination, finding purpose of trust defeated upon family's disintegration).

Although the California home became a marital asset pursuant to section 61.075(6)(a)(1)(a) at the time the Former Husband purchased the home and jointly titled it in the parties' names, the California home ceased in character to be a marital asset upon its transfer into the Trust. At that point, the California home became part of the assets of the Trust, an entity distinct from the Former Husband and the Former Wife. See Juliano v. Juliano, 991 So. 2d 394, 396 (Fla. 4th DCA 2008) (treating a trust as a distinct entity from husband settlor); 2 Brett R. Turner, Equitable Distribution of Property § 6:94 (3d ed. 2005) (providing that an irrevocable trust is a distinct entity capable of holding title to property). Transferring the home into the Trust placed the home beyond the trial court's reach for purposes of equitable distribution. See Juliano, 991 So. 2d at 396; In re Chamberlin, 918 A.2d 1, 17 (N.H. 2007) (holding that assets used to fund an irrevocable trust were not marital assets because they ceased being property belonging to either spouse once the assets were placed in the trust and beyond the reach of the parties).[2]

_____

[2]Although the Florida Trust Code contains a statute voiding revocable trust provisions affecting a settlor's spouse upon the dissolution of marriage, § 736.1105, and the Florida Probate Code likewise contains a statute voiding will provisions affecting a

Although section 736.04113 does not abrogate the trial court's common law authority to modify or terminate an irrevocable trust, the trial court here made no mention of modifying or terminating the Trust under the common law.  § 736.04113(4) ("The provisions of this section are in addition to, and not in derogation of, rights under the common law to modify, amend, terminate, or revoke trusts.").  One common law vehicle by which a trial court can modify an irrevocable trust, for example, would be with the consent of the settlor and all beneficiaries.  See Peck v. Peck, 133 So. 3d 587, 591 (Fla. 2d DCA 2014).  But we do not have the consent of all the beneficiaries here, as not all of the beneficiaries were before the trial court.  The Trust instrument states that the Former Husband created the Trust "for the primary benefit of [his] spouse and secondarily for the benefit of [his] spouse's descendants."  The Former Wife obviously did not consent to the termination of the Trust.  Furthermore, there is no record evidence that the Former Wife's daughter, a descendant of the Former Wife, consented to modification or termination of the Trust.  Without consent from all beneficiaries to the Trust, the trial court did not have the authority to distribute any asset of the Trust.  See Sylvester v. Sylvester, 557 So. 2d 599, 600 (Fla. 4th DCA 1990) ("[T]he court did not have the trust before it and could not have absent the joinder of the trustee and the contingent remainder beneficiaries, the husband's minor children, all of whom, in the case of an 'irrevocable' trust, are indispensable parties . . . ." (citing Hanson v. Denckla, 357 U.S. 235, 245 (1958); Huttig v. Huffman, 9 So. 2d 506, 507 (Fla. 1942); First Nat'l Bank of Hollywood v. Broward Nat'l Bank of Fort Lauderdale, 265 So. 2d 377, 378 (Fla.

---

testator's spouse upon the dissolution of marriage, § 732.507(2), Fla. Stat. (2015), the legislature has not enacted a similar statute voiding irrevocable trust provisions affecting a settlor's spouse upon the dissolution of a marriage.

4th DCA 1972))); Fla. Nat'l Bank & Trust Co. at Miami v. Blake, 155 So. 2d 798, 800 (Fla. 3d DCA 1963) (holding spendthrift trust termination improper because all parties were not before the court and did not consent); First Nat'l Bank of Miami v. Kerness, 142 So. 2d 777, 780 (Fla. 3d DCA 1962) ("[I]t is well settled that a court must decline to dissolve or terminate a trust where there may be persons interested therein who are not before the court." (citing Huttig, 9 So. 2d at 507; Byers v. Beddow, 142 So. 894, 896 (Fla. 1932))).

At bottom, the trial court here impermissibly adjudicated the property rights of a nonparty to this dissolution proceeding—the Trust. See Juliano, 991 So. 2d at 396 (explaining that, as a general matter, "a trial court cannot, in a dissolution proceeding, 'adjudicate property rights of a non-party' " (quoting Barabas v. Barabas, 923 So. 2d 588, 590 (Fla. 5th DCA 2006))); see also Minsky v. Minsky, 779 So. 2d 375, 377 (Fla. 2d DCA 2000). Indeed, this court has disavowed the equitable distribution of assets held by nonparty corporations, limited liability companies, and partnerships. See Ehman v. Ehman, 156 So. 3d 7, 8 (Fla. 2d DCA 2014) (limited liability company); Mathes v. Mathes, 91 So. 3d 207, 208 (Fla. 2d DCA 2012) (corporation); Lassett v. Lassett, 768 So. 2d 472, 474 (Fla. 2d DCA 2000) (partnership).

Akin to assets owned by a corporation, limited liability company, or partnership, "[t]he individual assets owned by an irrevocable trust are . . . ordinarily third-party property which cannot be divided upon divorce." Turner, supra, § 6:94 (citing, inter alia, Seggelke v. Seggelke, 319 S.W.3d 461, 467 (Mo. Ct. App. 2010) (holding that a bank account owned by an irrevocable trust was not marital property); Wilburn v. Wilburn, 743 S.E.2d 734, 742 (S.C. 2013) (noting that where spouses

created an irrevocable trust, "the trust corpus is not the property of either spouse and thus cannot be marital property")).

Because we reverse as to the trial court's equitable distribution, we also reverse as to the trial court's order requiring the Former Wife to list the home for sale. Because our decision affects the overall equitable distribution scheme, we remand with instructions for the trial court to address the equitable distribution and alimony determinations anew. See Ehman, 156 So. 3d at 9. We express neither an opinion as to equitable distribution upon remand nor as to entitlement, if any, to alimony upon remand. We leave those determinations to the sound discretion of the trial court. We affirm the trial court's dissolution of the parties' marriage.

Affirmed in part, reversed in part, and remanded with instructions.


CASANUEVA and SILBERMAN, JJ., Concur.