# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0552
Lower Tribunal No. 15-580
_____

**Agency for Health Care Administration,**
Appellant,

vs.

**In Re: Ryan Joseph Spence,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Alexander R. Boler (Tallahassee), for appellant.

The Billbrough Firm, P.A., and G. Bart Billbrough, for appellee Michael Morrison.


Before FERNANDEZ, SCALES and BOKOR, JJ.

SCALES, J.

The Florida Agency for Health Care Administration ("AHCA") appeals a February 22, 2023 probate court final order that authorizes the trustee to distribute the trust assets of the Ryan Joseph Spence Special Needs Trust Agreement ("Trust"), without enforcing the Trust's "payback" provision. The Trust's "payback" provision provides that, upon termination of the Trust, the trustee shall first distribute to AHCA "an amount equal to the total medical assistance paid on behalf of the Beneficiary by the Medicaid program." Because the Trust's "payback" provision is clear and unequivocal, we reverse the challenged order and remand with instructions for the probate court to enforce the Trust's "payback" provision in the event the trustee wishes to continue in his efforts to terminate the Trust.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

### A. *Ryan's adoption by Kathleen and subsequent creation of the Trust*

In September 2004, Kathleen Spence ("Kathleen") adopted Ryan Joseph Spence ("Ryan"), who was born in 2002. As part of Ryan's adoption, Kathleen and the Florida Department of Children and Families ("Department") entered into an Adoption Assistance Agreement ("Adoption Agreement"), relating to subsidy payments and services. The Adoption Agreement provided that the Department would provide a maintenance subsidy and a medical subsidy (Medicaid benefits as provided under Article

2

XIX of the Social Security Act) for Ryan's benefit. Following Ryan's adoption, Medicaid payments were made on Ryan's behalf as contemplated by the Adoption Agreement.

After Kathleen's death in 2015, Kathleen's estate pursued a wrongful death action, which resulted in a settlement. Michael Morrison ("Morrison") and Ashley Nichole Spence ("Ashley") (together, Petitioners) were appointed as co-guardians of the person and property of Ryan and as co-trustees of Kathleen's estate. In November 2015, the probate court entered an order approving the wrongful death settlement and allocating the settlement proceeds between Kathleen's two, minor children, including Ryan. Further, because Ryan was a Medicaid beneficiary suffering a disability, the probate court directed Morrison to establish a separate special needs trust for Ryan.

As directed, on November 10, 2015, Morrison established the Trust, which was funded with those proceeds from Kathleen's estate's settlement that were allocated to Ryan. The Trust was established in accordance with the Omnibus Budget Reconciliation Act of 1993, codified under 42 U.S.C. § 1396p(d)(4)(A) (§ 1917(d)(4)(A) of the Social Security Act); the Social Security Programs Operations Manual System (POM) SI 01120.203 ("POM"); and in accordance with Florida law. As is clear from the Trust document, the purpose of the Trust was to ensure that, notwithstanding

3

Ryan's receipt of the settlement proceeds, Ryan would continue to be eligible for public subsidies.

Specifically, the Trust states that the intention of the Trust is "to satisfy Medicaid and Supplemental Security Income . . . program requirements so that its establishment and funding do not prejudice the Beneficiary's eligibility for such public benefits." The Trust further provides that it is irrevocable and not subject to amendment, except on application of an interested party with court approval, and any amendment must be consistent with the intent of the Trust. As relevant to this appeal, Article Seven, Section 1 of the Trust provides:

### Section 1. Notice and Payback Provisions

It is the intent of this trust that the trust estate be exempt from being counted as an available resource to the Beneficiary under . . . the Medicaid provisions of the Omnibus Budget Reconciliation Act of 1993, §13611 (amending 42 United States Code §1396p(d)(4)(A)), and implementing Medicaid regulations. The Trustee shall therefore comply with the following provisions.

#### A. Notices

On the death of the Beneficiary, or the earlier termination of this Trust, the Trustee shall give notice to the Third Party Liability (sic) of the Florida Agency for Health Care Administration ("AHCA"). . . .

#### B. Distribution and payments

On the death of the Beneficiary or earlier termination of this trust, the Trustee shall first distribute to the Florida Agency for

4

Health Care Administration (hereinafter "AHCA"), then to any other appropriate State agency entitled to Medicaid reimbursement from the remaining principal and income of this trust, up to the amount remaining in this trust, an amount equal to the total medical assistance paid on behalf of the Beneficiary by the Medicaid program. The Trustee shall instead contact AHCA to obtain the dollar amount of medical assistance provided and then submit that amount, or amount remaining in this trust, whichever is less, to AHCA.

### B. *Petitioners seek to terminate the Trust and distribute its assets to Ryan*

In January 2023, after Ryan met the age of majority and no longer suffered from any disability, Morrison, as trustee and co-guardian, and Ashley, as co-guardian, filed a petition in the probate court to Relinquish Restrictions and Distribute the Assets of the Trust to the Ward (the "Petition"). The Petition sought the termination of the guardianship and the Trust, and the distribution of all Trust assets to Ryan.

### C. *AHCA's objection to the Petition and proceedings thereon*

AHCA, which is the agency responsible for Florida's Medicaid Program, filed an objection to the Petition, claiming it is owed $50,281.73 for medical assistance payments made on behalf of Ryan. AHCA's objection asserted that, pursuant to the Trust's "payback" provision, the Trustee must pay AHCA's reimbursement claim before distributing any Trust assets to Ryan.

5

On February 21, 2023, the probate court conducted a hearing on the Petition and AHCA's objection. At the hearing, Petitioners argued that the Trust should not be held responsible for any payments made on behalf of Ryan because the Adoption Agreement – between Kathleen and the Department – contained no provision requiring repayment of benefits the Department agreed to pay for Ryan's disability. Petitioners further argued that, following Kathleen's death, Morrison took on the role of Ryan's adoptive parent, raising Ryan to the age of majority. Due to Morrison's parenting, Ryan is no longer receiving Medicaid and is no longer disabled; thus, the assets in the Trust should be distributed to Ryan free of any claim by AHCA. Petitioners requested that the trial court enter an order relinquishing restrictions on the Trust and order that the assets in the Trust be distributed to Ryan.

AHCA argued below, as it does here, that it is owed $50,281.73 for amounts expended to provide medical assistance to Ryan. AHCA asserted that, because the Trust was established pursuant to applicable federal law to allow Ryan to maintain his eligibility for Medicaid, and because the Trust contained the "payback" provision that was required by federal law to maintain Ryan's eligibility, the trustee was required to comply with the Trust's "payback" provision.  See 42 U.S.C. § 1396p(d)(4)(A).

6

Without elaborating at the hearing, and without elaborating in the resulting order on appeal, the probate court granted the Petition; denied AHCA's objection and its claim for $50,281.73; and authorized the Trustee to distribute the Trust assets to Ryan without reimbursing AHCA. AHCA's appeal timely followed.[1]

II.   **ANALYSIS**

AHCA argues the trial court erred by authorizing the trustee to terminate the Trust without enforcing the Trust's clear and unequivocal "payback" provision, that required, upon termination of the Trust, the repayment of the medical assistance benefits paid on Ryan's behalf. Based on our *de novo* review,[2] we agree with AHCA. The terms and intent of Ryan's Trust are clear and unambiguous, and therefore, the language in the Trust controls. See Nelson v. Nelson, 206 So. 3d 818, 819 (Fla. 2d DCA 2016) (noting that the trial court properly construed the trust settlor's intent "from the plain and ordinary meaning of the terms set forth" in the trust instrument).

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.170(b) as the order under review rendered in this guardianship case determines the right or obligation of an interested person.

[2] See Giller v. Grossman, 327 So. 3d 391, 393 (Fla. 3d DCA 2021) ("We review de novo a trial court's construction of trust provisions, as well as its interpretation or application of controlling statutes, common law rules, or legal principles.").

A. *The Trust's purpose and its "payback" provision*

The Trust, which was established pursuant to, and authorized under, 42 U.S.C. § 1396p(d)(4)(A), was funded with the settlement proceeds derived from Kathleen's wrongful death claim. The primary benefit of the Trust was to ensure that, notwithstanding Ryan's receipt of those settlement proceeds, Ryan remain eligible for government assistance, such as Medicaid.

There is, though, a *quid pro quo* for this benefit: the Trust's "payback" provision. Under 42 U.S.C. § 1396p(d)(4)(A), trust assets, held in a trust complying with federal law that is established for the benefit of a disabled person under the age of 65, will not be counted for determining Medicaid eligibility "**if** the State will receive all amounts remaining in the trust . . . up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan . . . ." (emphasis added). In conformity with 42 U.S.C. § 1396p(d)(4)(A), the Trust included this mandatory "payback" provision. Per the "payback" provision, until AHCA is repaid for the total medical assistance paid on Ryan's behalf by Medicaid, the remaining assets in the Trust cannot be distributed to Ryan.

Further, the Trust was also established in accordance with POM. The exceptions addressed in POM are referred to as the "Medicaid trust

8

exceptions," and, in relevant part, they provide that, to qualify for the special needs trust exception under 42 U.S.C. § 1396p, "[t]he trust must provide payback for any State(s) that may have provided medical assistance under the State Medicaid plan(s) and not be limited to any particular State(s)." POMS SI 01120.203. Importantly, POM also provides that "Medicaid payback also cannot be limited to any particular period of time; for example, payback cannot be limited to the period after establishment of the trust." Id.

Ryan's Trust was intentionally drafted to comply with these federal requirements which allowed Ryan to continue his Medicaid eligibility. Had the Trust not contained the clear and unambiguous "payback" provision, Ryan's receipt of the wrongful death settlement proceeds may have precluded Ryan's continued eligibility for Medicaid benefits.

### B. *The Adoption Agreement*

Petitioners argue that the Trust's "payback" provision should not be enforced because the Adoption Agreement – established years before the Trust's creation – contains no provision requiring the reimbursement to the Department of benefits paid on Ryan's behalf. Petitioners' argument, though, misses the point. While the Adoption Agreement no doubt incentivized Kathleen to adopt Ryan, it is of little, if any, relevance in determining distribution of Trust assets. The Trust was created over a decade *after* the

Adoption Agreement and its purpose was to allow Ryan to receive settlement proceeds while continuing to qualify for Medicaid benefits. Moreover, paragraphs 18 and 19 of the Adoption Agreement undercut Petitioners' argument. These provisions expressly contemplate Ryan's subsidies ceasing if his needs change.[3] Again, if not for the Trust (including its "payback" provision) and its disposition of the settlement proceeds, then Ryan's continued benefits could have been in jeopardy.

III.  **CONCLUSION**

Based on the above analysis, we reverse the order under review and, to the extent that Petitioners seek to terminate the Trust, remand with instructions for the trial court to conduct those proceedings it deems necessary to enforce the Trust's "payback" provision.

Reversed and remanded.

---

[3] Paragraphs 18 and 19 of the Adoption Agreement provide:

> 18.  [Adoptive Parent] will notify the [D]epartment in the event that the child ceases to be dependent upon us, or if there is any significant change of circumstances which would relate to our child's continued need for subsidy.

> 19.  Our child's continued need for subsidy will be re-evaluated annually and a new agreement will be presented to us at least 45 days prior to the expiration of the 12th month.