BRENT BROTHERS, APPELLANTS, VS. HENRY PARKER, AP-
PELLEE.

1. When a party contracts to cut and haul logs for another, and is by him prevented from performing his contract, the true rule of damage in such a case is to ascertain the amount of profits the party contracting to cut and haul would have made if he had gone on and completed the contract.

2. When this rule cannot be applied from the peculiar nature of the contract, as when no fixed time is agreed on for the continuance of the contract, or no definite number or amount of logs are agreed on to be delivered, preparatory work done by the plaintiff as a preliminary necessity to the performance of his contract, although he would not have been entitled to compensation for it if he completed his contract, may be compensated for in damages to the extent of reasonable cost if the defendant prevents him from performing his contract.

3. If the party for whom the work is to be performed is justifiable in preventing the contractor from going on with his work, such contractor is not entitled to compensation for preparatory work.

4. An instruction given to the jury that such contractor, if discharged or prevented from performing his contract, is entitled to damage for preparatory work, is erroneous if not qualified by making such liability dependent upon a finding as to whether such contractor was unjustifiably discharged or not.

5. When the evidence shows that the contractor had used the preparatory work after its completion for the delivery of a part of the logs, a charge which instructs the jury that such contractor is entitled to the cost of his preparatory work, without any deduction of the value the contractor had derived from its use prior to his discharge, is erroneous.

Appeal from the Circuit Court for Escambia County.

The facts of the case are stated in the opinion.

*J. C. Avery* for Appellants.

*Wm. Fisher* and *John Eagan* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

Appellee, Henry Parker, brought suit in the Circuit Court of Escambia county against the appellants, Brent Brothers, for damages for breach of the following contract:

"This agreement made and entered into the 29th day of November, A. D., 1882, between Brent Bros., parties of the first part, and Henry Parker, party of the second part, witnesseth:

"That the said party of the second part agrees to get out logs for the parties of the first part, and deliver them at their saw mill on Big Escambia creek, in the State of Alabama, and to keep said mill well supplied with such logs at all times, until the lands hereinafter mentioned are cleared up. The parties of the first part agree to furnish the party of the second part with such lands as they desire him to cut such logs from, and to allow him the use of their ditch. The party of the second part agrees to keep said ditch in good running order, and to return it in like order to the parties of the first part at the expiration of this contract. The party of the second part agrees to deliver through said ditch all logs on said lands that are accessible thereto; and for logs so delivered the parties of the first part agree to pay to the party of the second part for 30-feet logs $2\frac{3}{4}$ cents per cubic foot, for 35-feet $3\frac{1}{4}$ per cubic foot, and for 40-feet logs and over $4\frac{1}{4}$ cents per cubic foot. For logs not accessible to said ditch, which shall be delivered under this contract by the party of the second part at the mill of the parties of the first part, the parties of the second part agree to pay the party of the first for 30-feet logs 4 cents per cubic foot, for 35-feet logs $4\frac{1}{2}$ cents per cubic foot, and for 40-feet logs and over 5 cents per cubic foot.

" It is further agreed that all logs gotten out under the contract are to be inspected by C. B. Gonzalez, for which said inspection the party of the second part agrees to allow the parties of the first part five cents per log ; settlements are to be each month, and all supplies to be furnished by the parties of the first part on orders approved by their agent, C. B. Gonzalez, at their mill, under whose supervision all business is to be conducted.

" And the parties of the first part have bargained and sold, and by these presents bargain and sell unto the party of the second part, for the sum of one thousand dollars, twenty-four (24) oxen and four log carts.    The said one thousand dollars is to be paid by the party of the second part hereafter, as follows :  All amounts that may be due the party of the second part at the monthly settlements, between him and the parties of the first part, are to be held by the parties of the first part, and credited to the account of said teams and oxen until such amounts aggregate the sum of one thousand dollars ; but if the said contract expires before the full payment of said sum, then the party of the second part is forthwith to pay the balance due at such time.

" And the party of the second part hereby gives to the parties of the first part a lien on said teams and oxen, and also on one team already owned and possessed by him, for the purpose of securing the payment of any amount due, or to become due, the parties of the first part under the terms of the contract.

" Witness our hands and seals the day and year first above written.    ·            BRENT BROS.            [SEAL.].

" Witness, M. G. YNIESTRA.

            " HENRY his x mark PARKER.  [SEAL.]

" Witness, ARTHUR P. YNIESTRA.

" For logs not put in ditch, instead of 4, $4\frac{1}{2}$ and 5, we are

to pay 4, 5 and 5½ cents; balance of contract all correct and fully understood. BRENT BROS."

" Witness, ARTHUR P. YNIESTRA."

The declaration alleged the following breaches: That defendants did not deliver or allow him to use the said ditch for about ninety days after plaintiff had entered upon the performance of his part of the contract; that defendants failed to deliver to plaintiff one of the oxen sold to him by defendants, for 60 days after he commenced work under the contract; that defendants failed to furnish supplies to plaintiff in pursuance of the contract; and that defendants discharged plaintiff and refused to permit him to go on with his work. The declaration also contained the common counts.

The defendants plead to first count, that they fully performed all they were required to do until plaintiff failed to keep defendants' mill supplied in logs; that defendants fully performed their part of said contract until plaintiff became greatly indebted to them for supplies, and defendants found that plaintiff would never be able to pay for them; that defendants never committed any of the breaches charged to them; that plaintiff has never been damaged as in said count alleged. Defendants plead to the common counts, that they were never indebted. Defendants plead as pleas to the whole declaration set-off for $764 73, for the value of goods, wares and merchandise, and that by reason of plaintiff's failure to keep defendants' mill supplied with logs, as he was required to do by the contract, defendants were damaged to the extent of sixteen hundred and ten and 70-100 dollars.

On a trial of the cause the plaintiff obtained a judgment for $234.26.

The defendants moved the court for a new trial on the following grounds, to-wit: that the verdict is con-

trary to law ; the verdict is unsupported by the evidence ; the verdict is contrary to the evidence; the verdict is contrary to the charge of the court, and that the court erred in charging the jury " that in making up their verdict they should allow the plaintiff what he had expended in the construction of cross-roads, bridges, landings, &c., for the purpose of conveying to the ditch logs accessible thereto, and gotten out by him under the contract, provided they found that such work was useless to plaintiff on account of defendant's breach of the contract." This charge cannot be sustained. The court overruled the motion and defendants appealed therefrom, and assign as error the refusal of the court to grant a new trial on the grounds set forth.

The evidence in the case showed that the plaintiff had performed certain work in making causeways over which to haul logs, and making landings on the ditch and creek ; that this work was necessary to the hauling and delivery of the logs at defendants' mill, and plaintiff admits that it was work done which was not provided for by the contract and which he expected to do at his own cost. The cost of this work was about $350. The evidence shows further that the plaintiff, after making the causeways and landings, used them for the purpose of delivering logs, and by their use delivered some 1,500 or 2,000 logs.

The rule for assessing damages for a breach of contract of this kind is to ascertain the amount of profits the plaintiff would have earned if he had gone on and completed his contract.

Where, however, this rule cannot be applied from the peculiar nature of the contract, as when no fixed time is agreed on for its continuance or no definite number or amount of articles are mentioned to be delivered under it, a different method of arriving at the damages is allowed.

In such a case preparatory work done by plaintiff as a preliminary necessity to the performance of his contract, although he would not have been entitled to compensation for it if he had been allowed to complete his contract, may be compensated for in damages to the extent of its reasonable cost. Sutherland on Damages, vol. 1, p. 132 and note.

We are inclined. to think that this contract is one of the above nature, one that affords no data by which profits could be estimated, and that plaintiff would be entitled in a certain contingency hereafter noted to compensation for preparatory work. The right of the plaintiff to compensation for this kind of work is contingent upon the. ascertainment of the fact that plaintiff was improperly prevented by defendant from performing his contract. The instruction quoted above ignores this important inquiry and would have authorized the jury to have found a verdict for the value of the work without regard to the necessary inquiry as to whether the plaintiff was properly or improperly prevented by defendant from performing his contract. It is true that in another instruction or portion of the charge the learned Judge predicated this same instruction on the preliminary ascertainment of the violation of the contract by the defendant. These instructions, the one being absolute, the other conditional and contingent upon some other event, were calculated to confuse the jury or to produce the impression upon their minds that they could follow either. Holmes vs. The State, 23 Ala., 17.

The instruction quoted is also objectionable, because it ignores the fact which was in evidence that the plaintiff has used this preliminary work—landing and causeways—for the delivery of a large quantity of logs before he was stopped by the defendants from the further performance of his contract. The cost of the landings and causeways, if

the jury found for plaintiff, should have been reduced by the amount of value plaintiff had derived from their use.

The judgment is reversed and the cause remanded.