166 So.2d 152 (1964)
Rufus C. SUNDIE, as Guardian of the Property of Arthur Joe Kesterson, an Incompetent, Appellant,
v.
Charles F. LINDSAY, Appellee.
No. 63-903.
District Court of Appeal of Florida. Third District.
July 14, 1964.
Rufus C. Sundie, Miami, for appellant.
O.B. White and Harry O. Traylor, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
Plaintiff-Appellee and Arthur Joe Kesterson entered into an agreement whereby the appellee would sell to Kesterson his bar and package store for $15,000, and lease the premises which he owned for a period of twelve years with an option to renew for four years thereafter. The contract further provided that the purchaser would buy the inventory at cost. The purchaser paid $10,000 to the vendor's attorney to *153 hold in escrow pending the closing which was to take place subsequently.
The purchaser failed to close the transaction because of mental incompetence. Thereafter, he was adjudicated an incompetent by the County Judge's Court, and appellant was appointed as guardian of his property. The suit was instituted by the vendor to recover the $10,000 down payment held in escrow by the vendor's attorney. After final hearing before the chancellor, the final decree was entered for the vendor in the sum of $6,750 as damages for the vendee's breach of contract.
The contract contained the usual provision to the effect that the money paid by the purchaser would represent liquidated damages and not a penalty in the event of default. The chancellor determined as a matter of law that this provision was a penalty and did not represent liquidated damages.[1] Thereafter, the chancellor received evidence in order to determine the actual damages suffered by appellee. It is in this regard that we find error and must reverse and remand for the receipt of evidence in order to adopt the proper measure of damages.
The question of the proper measure of damages applicable to a particular breach of contract action is a source of some confusion.
At the time that a contract is totally breached, as opposed to a partial breach, the plaintiff has a choice as to what avenue he will seek in order to make himself whole.[2] The plaintiff may treat the contract as void and seek those damages that will put him in the same position as he was immediately prior to making the agreement.[3] His alternative is to affirm the contract, insist on the benefit of his bargain, and seek those damages which will place him in the position he would have been if the contract had been completely performed.[4]
It is important to note this distinction because, as a result, different elements of damages will be recoverable.
If the contract is declined by the promisee, and he seeks to be returned to the position he was in at the time of the execution of the agreement, then the expenses of preparing for performance are recoverable.[5] An example of such recoverable expenses in the instant suit would be the attorney fees incurred prior to the breach of the agreement by the purchaser.[6]
By comparison, should the promisee adopt the alternative of affirming the contract, and seek to recover in that manner, he will be entitled to be compensated for the loss of profits he would have earned if the agreement had been performed, but not the cost of preparing to perform.[7]
One method of ascertaining damages is exclusive of the other and inconsistent therewith. It is incorrect for evidence to be introduced as to both methods, the injured party must make an election in regard to which method he seeks to recover, and pursue that method only.
The above stated rules as applied to the instant situation, readily demonstrate the error committed by the chancellor, in that he permitted evidence in regard to both methods without limiting and considering the evidence in regard to one of the two methods.
*154 The record reveals that the chancellor allowed attorney fees as a portion of the judgment awarded. Now if the attorney fees allowed were limited to those incurred prior to the breach of the contract, they would be permissible if the seller was adopting that method of damages which sought to treat the contract as void. If this were the case, then the chancellor erred by permitting and considering that evidence which went to establish the profit which the seller would have made if the agreement were consummated. However, if the seller was adopting that method whereby he affirmed the contract and sought to recover his loss of profits, then no attorney's fees whatsoever would have been recoverable. This is so, because by affirming the contract, we determine the situation as if the contract had been carried out, and if so, then attorney's fees incurred would have been paid by the seller and only considered in order to determine the amount of the profit, if any, from the transaction.
Accordingly, the chancellor's determination that the contract provision was a penalty as opposed to liquidated damages is affirmed, and that determination in regard to the measure of damages is reversed and remanded for a new hearing on the question of damages, consistent herewith.
Affirmed in part, reversed in part and remanded.
NOTES
[1] Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538, 6 A.L.R.2d 1395.
[2] Simpson, Contracts (1954) §§ 148-157.
[3] Brent v. Parker, 23 Fla. 200, 1 So. 780.
[4] 9 Fla.Jur. Damages § 25.
[5] Sullivan v. McMillan, 26 Fla. 543, 8 So. 450; Annotation, 17 A.L.R.2d 1300 (1951); Restatement, Contracts § 333 (1932).
[6] Any legal fees incurred in reducing this claim to judgment would not be recoverable. 9 Fla.Jur., Damages § 77.
[7] Note 4, supra; Restatement, Contracts § 329 (1932).