DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DFG GROUP, LLC, EDWARD FALCONE,** and
**ARTHUR FALCONE,**
Appellants,

v.

**HERITAGE MANOR OF MEMORIAL PARK, INC., MEMORIAL PARK OF BOCA RATON, INC., SANDRA STRONG,** as the Personal Representative of the Estate of Kathleen I. Michael, **ELISHKA E. MICHAEL TARNAWA REVOCABLE TRUST UNDER AGREEMENT DATED AUGUST 9, 2002, LAILA TAYLOR, TRUSTEE,** and **LAILA TAYLOR,** as Personal Representative of the Estate of Elishka E. Michael Tarnawa,
Appellees.

No. 4D16-2972

[January 24, 2018]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David Crow and Gregory M. Keyser, Judges; L.T. Case No. 502005CA000709XXXXMB.

William J. Cornwell, Seth A. Kolton, and David K. Friedman of Weiss, Handler & Cornwell, P.A., Boca Raton, for appellants.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach; Michael A. Avenatti and Scott H. Sims of Eagan Avenatti, LLP, Newport Beach, California; and Edward M. Ricci of Edward M. Ricci, P.A., West Palm Beach, for appellees.

LEVINE, J.

The buyers appeal, and the sellers cross-appeal, a final judgment awarding the sellers attorney's fees incurred during the sale of a cemetery as well as punitive damages. The issue presented for our review is whether the sellers, after choosing affirmation over rescission of a disputed contract, can be awarded attorney's fees as damages. We find that once the sellers chose affirmation of the contract, the sellers could not be awarded attorney's fees as damages. As such, we reverse. We affirm the sellers' cross-appeal without discussion, finding it to be without merit.

The sellers retained a law firm and its attorneys ("attorney defendants") to represent them in matters relating to the sale of a cemetery. The buyers purchased the cemetery for $6,125,000. Unbeknownst to the sellers at the time, an attorney at the law firm worked both sides of the transaction and received a kickback of $100,000 from the buyers after the sale closed.

Upon learning what transpired, the sellers filed a complaint against the attorney defendants as well as the buyers. The sellers alleged that the attorney defendants' actions resulted in the sale of the cemetery for less than fair market value. The attorney defendants settled. As to the buyers, the operative complaint alleged counts for intentional misrepresentation and willful non-disclosure, breach of contract, conspiracy to breach fiduciary duty, aiding and abetting breach of fiduciary duty, and civil theft. The sellers also asserted a claim for punitive damages against buyers DFG Group and Edward Falcone.

After trial, the jury entered a verdict against the buyers on all counts. As to damages, the jury found that the sellers sustained $0 in "damages relating to the sale of the business and land." The jury further found that the sellers incurred $2,000,000 in "damages relating to attorneys' fees and costs incurred in connection with the transaction." As to punitive damages, the jury awarded $2,110,000 against DFG Group and $100,000 against Edward Falcone.

The buyers moved for judgment notwithstanding the verdict, arguing that attorney's fees were not a proper element of damages. The trial court granted the motion as to breach of contract and civil theft. However, the court denied the motion as to the remaining claims relating to fraud and breach of fiduciary duty, thereby leaving the damage award intact. The trial court applied a setoff for the amount paid by the attorney defendants who settled and entered a final judgment in favor of the sellers for $900,000.

Whether the trial court applied the correct measure of damages is a question of law reviewed de novo. *Del Monte Fresh Produce Co. v. Net Results, Inc.*, 77 So. 3d 667, 673 (Fla. 3d DCA 2011). "[W]here a judgment is predicated on a verdict award that is contrary to the law and not permissible by law, the judgment based thereon constitutes fundamental error." *Palm Beach Cty. v. Awadallah*, 538 So. 2d 142, 143 (Fla. 4th DCA 1989); *see also Stevens v. Allegro Leasing, Inc.*, 562 So. 2d 380, 381 (Fla. 4th DCA 1990) (recognizing that fundamental error occurs where a party recovers damages to which it has no right under the law).

The goal of damages in tort actions is to "restore the injured party to

2

the position it would have been in had the wrong not been committed." *Totale, Inc. v. Smith*, 877 So. 2d 813, 815 (Fla. 4th DCA 2004) (citation omitted). Damages in a tort claim depend on whether the plaintiff rescinds rescission or affirms the contract. *Sundie v. Lindsay*, 166 So. 2d 152, 153 (Fla. 3d DCA 1964). If the plaintiff rescinds the contract, the plaintiff is entitled to the expenses of preparing for performance, including attorney's fees, to return him to the position he was in at the time of the execution of the agreement. *Id.* If, however, the plaintiff affirms the contract, "he will be entitled to be compensated for the loss of profits he would have earned if the agreement had been performed, but not the cost of preparing to perform." *Id.*

In the instant case, once the sellers picked affirmance over rescission, their damages were limited to the difference between the sale price and the fair market value at the time of the sale. Because the jury found no difference between the sale price and the fair market value at the time of the sale, the sellers, having received the benefit of the agreed-upon bargain, were not entitled to any additional compensation. Only if the sellers had elected rescission would they have been entitled to their transactional attorney's fees. The sellers could not retain the proceeds from the sale and also recover attorney's fees associated with the transaction. Therefore, reversal of the transactional attorney's fee award is warranted.

The trial court also awarded a total of $2,210,000 in punitive damages. Because we reverse the transactional attorney's fees award, there is no compensatory damage award to support the punitive damage award. In the absence of any compensatory damage award, the punitive damages award must also be reversed. *James Crystal Licenses, LLC v. Infinity Radio Inc.*, 43 So. 3d 68, 75-76 (Fla. 4th DCA 2010); *Morgan Stanley & Co. v. Coleman Holdings, Inc.*, 955 So. 2d 1124, 1132 (Fla. 4th DCA 2007).

In sum, we affirm the cross-appeal, and we reverse and remand for the trial court to vacate the judgment for attorney's fees and punitive damages.

*Affirmed in part, reversed in part, and remanded.*

KUNTZ, J., concurs.
FORST, J., concurs specially with opinion.

FORST, J., concurring specially.

The jury in this case determined that the defendant buyers, DFG Group, LLC, Arthur Falcone, and/or Edward Falcone "intentionally

3

misrepresent[ed], conceal[ed] or fail[ed] to disclose a material fact to Plaintiffs, which was a legal cause of damage to Plaintiffs"; "knowingly provide[d] substantial assistance or encourage[d] either Michael Masanoff or Michael Karsch to commit a breach of their fiduciary duty to Plaintiffs, which was a legal cause of damage to Plaintiffs"; and that the same three defendants "conspire[d] with Michael Masanoff to have Michael Masanoff commit a breach of his fiduciary duty to Plaintiffs, which was a legal cause of damage to Plaintiffs." The jury further determined that punitive damages were warranted against DFG and Edward Falcone "in connection with Plaintiffs' claim for conspiracy to breach fiduciary duty."

Clearly, the jury found that the buyers intentionally acted in a manner that "damaged" the sellers. However, they were not able to adequately pinpoint the damage, as their verdict awarded "$0" in damages with respect to the selling price of the property and, as set forth in our opinion, the award of attorney's fees and costs incurred "in connection with the transaction" was not supported due to the sellers choosing to pursue damages while affirming the contract. I am unable to discern a viable alternative basis on which the jury grounded its award of compensatory damages, such as premising them on what the buyers would have paid in a non-tainted transaction. Thus, notwithstanding the jury's determination that the buyers acted fraudulently and aided and abetted the sellers' attorneys' breach of their fiduciary duty, in light of our reversal of the compensatory damages premised on attorney's fees and costs, there are no grounds on which to base an award of compensatory damages.

There is a mechanism to address the misbehavior of Masanoff and the other attorneys who were, arguably, the central players in this fraudulent transaction. That is via the appropriate Bar disciplinary process. Moreover, the lawyers settled the monetary legal claims filed against them by the sellers. To punish the other tortfeasors involved in this case, the sellers contend that the award of punitive damages should be retained. However, per this Court's precedent, particularly *Morgan Stanley & Co. v. Coleman (Parent) Holdings Inc.*, 955 So. 2d 1124 (Fla. 4th DCA 2007), as actual damage is an essential element to both fraud and breach of fiduciary duty, punitive damages cannot be awarded absent a basis for an award of compensatory damages. *Id.* at 1132; *see also James Crystal Licenses, LLC v. Infinity Radio Inc.*, 43 So. 3d 68, 76 (Fla. 4th DCA 2010); *Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 728-29 (Fla. 4th DCA 2010). In *Morgan Stanley*, we distinguished *Ault v. Lohr*, 538 So. 2d 454 (Fla. 1989), and minimalized the import of the Supreme Court's opinion in *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006), determining that neither opinion supports an award of punitive damages where there is no compensatory damages award. *Morgan Stanley*, 955 So. 2d at 1132-33.

4

As in *James Crystal Licenses,* "[b]ecause we reverse the compensatory damage claim, the punitive damages must also fall." 43 So. 3d at 76. Thus, although the buyers' misconduct was reprehensible, in the absence of compensatory damages, this Court[1] lacks a mechanism to punish the miscreant defendants. Accordingly, I am compelled to concur with the majority opinion.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Just as the Bar disciplinary process was utilized to punish the deceptive attorneys in this case, perhaps there is a non-judicial mechanism, outside of our purview, to similarly punish the attorneys' partners-in-deception, the buyers.