# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-1505
Lower Tribunal No. 2019-CP-000178

_____

BECKY J. KERSEY, individually and as Trustee of the MARY JO C. ABRAHAM LIVING TRUST DATED 4/18/07,

Appellant,

v.

KENNETH J. ABRAHAM,

Appellee.


_____

Appeal from the Circuit Court for Osceola County.
Margaret H. Schreiber, Judge.

January 5, 2024

STARGEL, J.

Appellant, Becky Kersey, appeals the final judgment entered in favor of Appellee, Kenneth J. Abraham, requiring her to pay $174,800 to the Mary Jo C. Abraham Living Trust.[1]  We reverse as to the trial court's calculations of damages and its finding that Appellant was only entitled to one-half of the income from the

_____

[1] This case was transferred from the Fifth District Court of Appeal to this Court on January 1, 2023.

trust asset known as the Boggy Creek Property. All other aspects of the final judgment are affirmed without further comment.

## Background

Appellant and Appellee are the children of Mary Jo C. Abraham (the "Grantor") and the only beneficiaries of her Trust, which became irrevocable upon her death on June 20, 2017. Under the Trust, Appellant became the sole Successor Trustee and was designated as Personal Representative of her mother's estate. The Trust consisted of real and personal property including a five-acre parcel in Kissimmee, referred to as "the Boggy Creek Property" where the Grantor's former residence was located. The Boggy Creek Property consisted of the main house along with a smaller guest house that the Grantor rented to her niece before her death. The Trust's other assets are not part of this appeal.

Under the relevant terms of the Trust, the Successor Trustee was directed to distribute the Trust assets to the beneficiaries as follows:

> (2) The Grantor[']s property located at 4375 Boggy Creek Road, Kissimmee, Florida is to be divided TWO-THIRDS (2/3) to BECKY J. KERSEY and ONE-THIRD (1/3) to KENNETH J. ABRAHAM, outright free of Trust. (3) The rest and remainder of the corpus of the Trust, including any income thereof, shall be distributed equally between BECKY J. KERSEY and KENNETH J. ABRAHAM, outright free of Trust.

The Boggy Creek Property was not transferred after the death of the Grantor and instead remained in the Trust. In August 2018, Appellant sold her home and

2

moved into the main house on the Boggy Creek Property. It is undisputed that Appellant wanted to buyout Appellee's interest in the property and remain living there. Appellee did not want to live there himself or be a co-owner, but the parties strongly disagreed on the property value for a buyout of Appellee's interest. The Appellee not only disagreed with Appellant about the value, but he also believed the value of the property far exceeded the value provided by his own appraiser.

Appellee filed a complaint alleging Appellant breached her fiduciary duties by engaging in self-dealing, squatting on Trust property rather than paying rent or selling it for fair market value, allowing Trust property to sit vacant, and failing to distribute Trust assets. Appellee sought damages "equal to his beneficial interest in the fair market value of rents owed to the Trust as a result of [Appellant's] exclusive use and possession of Trust property" and equal to his beneficial interest in rents from other Trust property. He also sought an accounting of Trust assets, Appellant's removal as Trustee, and attorneys' fees.

Appellant responded to the complaint, acknowledging that the Trust is the legal title holder of the Boggy Creek Property but claimed that the beneficiaries held the property as tenants in common with the right of possession and no duty to pay rent. During the litigation, Appellee petitioned on an emergency basis to remove Appellant as Successor Trustee based on alleged breaches of fiduciary duty, self-interest, and failure to provide an accounting of Trust assets, liabilities, and funds

expended.  Appellant responded by offering to resign as Successor Trustee and to provide an accounting for the period she served as Successor Trustee.  The parties then entered into an interim Settlement Agreement in which they agreed to the appointment of attorney Frank Finkbeiner as Successor Trustee and executed limited mutual releases, subject to Appellee's objections to the accountings Appellant would prepare.

Mr. Finkbeiner was appointed Personal Representative and Successor Trustee and was joined as a nominal defendant in the underlying case.  Appellant then moved to compel Mr. Finkbeiner to distribute the Property.  Appellee responded that the case should be decided at a final hearing, not piecemeal.  Despite the clear intentions of the Grantor and the explicit terms of the Trust, Mr. Finkbeiner did not distribute the property because he favored selling the property and distributing the proceeds because the beneficiaries were at loggerheads.  The motion to compel was denied without prejudice and proceeded to a final hearing.

The trial court found that Appellant breached her fiduciary duties by failing to pay rent during her occupancy of the Boggy Creek Property.  Relying on the unrefuted testimony of Appellee's expert witness, real estate appraiser Harry Collison, the trial court found that the reasonable monthly rental rate for the entire Boggy Creek Property including the guest house was $3,750.  Thus, using the $3,750 figure for the entire period, the trial court concluded that Appellant owed the Trust

$165,000 for her exclusive occupancy of the Property, subject to a set-off of $16,100 for rent collected for the guest house on the property which was rented to Grantor's niece for $700 per month for 23 of those months. Judgment was entered against Appellant on Appellee's claim for breach of fiduciary duties, ordering her to pay the Trust $25,900 for rent collected from the guest house over the thirty-seven months from the death of the Grantor until the niece moved out in June 2020, and $148,900 reflecting rent Appellant should have paid for living on the Property from August 2018 through September 2021. Those amounts were directed to be surcharged against Appellant's beneficial interest under the Trust "to the extent possible."

Appellant timely filed a notice of appeal, and Appellee cross-appealed from the rulings in the final judgment that were adverse to him. Appellee subsequently abandoned the cross-appeal which is dismissed.

## Analysis

An irrevocable trust is a distinct entity capable of holding title to property, separate from the settlor, trustee, and beneficiaries. *See Nelson v. Nelson*, 206 So. 3d 818, 820 (Fla. 2d DCA 2016) (first citing *Juliano v. Juliano*, 991 So. 2d 394, 396 (Fla. 4th DCA 2008); and then citing Brett R. Turner, *Equitable Distribution of Property* § 6:94 (3d ed. 2005)). Pursuant to the terms of the Trust, after the death of the Grantor, the Trust became irrevocable, and Appellant, as Successor Trustee, was tasked with distributing the Trust property. The Trust further directed that the

discretionary powers of any Trustee or Successor Trustee shall not be used to unreasonably delay distribution of the Trust. Even though Appellant, as Successor Trustee, had the ability to distribute the Boggy Creek Property two-thirds to herself and one-third to Appellee, the property had not been distributed over a year later in August 2018. Instead, Appellant moved in without paying rent to the Trust. Appellant resigned as Successor Trustee effective February 18, 2020, under the terms of the settlement agreement, without ever distributing the Boggy Creek Property as required by the Trust. Accordingly, the Trust, as a distinct entity, remained the holder of title to the Boggy Creek Property.

A plaintiff alleging a breach of fiduciary duty must prove "existence of a duty, a breach, and damage proximately caused by the breach." *Sola v. Markel*, 320 So. 3d 326, 328 (Fla. 5th DCA 2021) (citing *Gracey v. Eaker*, 837 So. 2d 348 (Fla. 2002)). Since the Trust remained the holder of title, the trial court correctly found that Appellant breached her fiduciary duties as Successor Trustee by occupying the Boggy Creek Property without compensating the Trust. The trial court found the damages caused by the breach of fiduciary duty of Appellant to be $3,750 per month, representing the reasonable rental value of the entire property, including the guest house, from the date Appellant first occupied the property in August 2018 through June 2022 for a total of 47 months. The trial court allowed for a three-month setoff to ready the property to lease in accordance with Mr. Collison's testimony, finding

Appellant owed $165,000 in rent subject to a $16,100 setoff for the twenty-three months during that period that the guest house had been leased by the Grantor's niece for $700 per month.

However, because the damages were based on a breach of fiduciary duty, and Appellant no longer had a fiduciary duty as Successor Trustee after she resigned on February 18, 2020, the trial court's calculation of damages was erroneous. "Whether the trial court applied the correct measure of damages is a question of law reviewed de novo." *DFG Grp., LLC v. Heritage Manor of Mem'l Park, Inc.*, 237 So. 3d 419, 421 (Fla. 4th DCA 2018). Appellant moved into the Grantor's former home on August 16, 2018. As noted above, she ceased to be the Successor Trustee as of February 18, 2020, but remained in exclusive possession of the property. Thereafter, she made a demand for distribution of the Boggy Creek Property, but that motion was denied. While there was no compensation to the Trust during that period, there is no evidence that the Successor Trustee, Mr. Finkbeiner, presented Appellant with a lease or that he demanded she vacate the property or provide compensation for her occupancy of the Boggy Creek Property. Accordingly, Appellant should only have been ordered to compensate the Trust for her breach of fiduciary duty for the time period from August 2018 until February 18, 2020, less the 3 months deduction for preparing the property to lease in accordance with the trial court's findings based upon Mr. Collison's testimony.

Further, Mr. Collison's unrefuted testimony, that the trial court adopted for valuation purposes, clearly explained that the guest home could not be rented to an outsider because the permit given for the guest home specifically said it could not be rented separately. He valued the property as a whole—one having an added benefit of a guest home—thus making it more valuable.[2] The property was rented to the Grantor's niece by the Grantor before her death at the rate of $700 per month. The niece moved out of the guest house in June 2020, having resided there for 37 months after the Grantor died. The trial court separately ordered that $25,900 in rental income collected from the niece be paid to the Trust, and we take no issue with that portion of the order. Although Mr. Collison testified that the rental value for the guest house was $1,250 per month, and the main home was $2,500 per month, Appellant should not have been charged $1,250 per month for the guest house because the rate was already set by the Grantor, and the guest house could not have otherwise been rented.[3] Since the rental income collected from the niece was separately addressed, Appellant should only have been charged $2,500 per month during the time Appellant was living on the property as Successor Trustee. Since

---

[2] The evidence was unrefuted that Appellant never enjoyed the full use of the entire property during the time she served as Successor Trustee.

[3] The record reflects that the guest house was not separately metered for utilities and the niece's rental amount included utilities. While Appellant sought a set-off for the utility expenses for the guest house which she paid, there was no evidence presented as to an appropriate division of such expenses between the main house and the guest house.

8

the niece was living in the guest home during the entirety that Appellant resided in the main home and was serving as Successor Trustee, the trial court's order directing the $25,900 in rental income collected from the niece to be turned over to the Trust covers the damages for the guest house. [4]

Lastly, Appellant argues that the trial court erred in directing the rental income from the Boggy Creek Property to be divided equally among the parties because the Trust terms stated Appellant would be a two-thirds owner and Appellee a one-third owner upon distribution.[5] We agree.

Section 738.201(1), Florida Statutes (2017), provides:

A fiduciary of an estate or of a terminating income interest shall determine the amount of net income and net principal receipts *received from property specifically given to a beneficiary* under ss. 738.301-

---

[4] Even if the guest home could have been rented to an outsider, the $700 monthly rent was a continuation of an agreement made by the Grantor for a family member and there was no evidence of a time limitation on such agreement. Certainly, Appellee could have challenged the rate being charged upon the death of the Grantor, but there's no evidence of any timely challenge. In fact, if the agreement had been terminated and Appellant had forced the niece to move out sooner, or if she had raised the rent and the niece chose to move, Appellee could have asserted that action as a breach of fiduciary duty since the guest house could not have been rented separately and the Trust would have lost that income stream. "[O]ne of the basic tenets for the construction of trusts is to ascertain the intent of the settlor and to give effect to his intent." *Bacardi v. White*, 463 So. 2d 218, 221 (Fla. 1985). The rental amount for the guest house was set by the Grantor, so it should not be deemed a breach of Appellant's fiduciary duty to uphold the clear intent of the Grantor.

[5] Appellee believes the rental income should be paid directly to Appellee rather than the Trust. However, the Boggy Creek Property remained in the Trust; therefore, the money was due and owing to the Trust.

9

738.706 and subsection (5). The fiduciary shall distribute the net income and net principal receipts *to the beneficiary who is to receive the specific property*.

(Emphasis added.) Further, Section 738.201(4) states: "A fiduciary shall distribute the net income remaining after distributions required under subsections (1)-(3) in the manner described in s. 738.202 to all other beneficiaries . . . ." Finally, Section 738.202(1) states: "[e]ach beneficiary described in s. 738.201(4) is entitled to receive a portion of the net income remaining after the application of s. 738.201(1)-(3), which is equal to the beneficiary's fractional interest in undistributed principal assets . . . ."

Moreover, the language of the Trust itself is consistent with this statutory mandate. Article VI, D(3) states, "[t]he rest and the remainder of the corpus of the Trust, including any income thereof, shall be distributed equally between BECKY J. KERSEY and KENNETH J. ABRAHAM, outright free of Trust," meaning income from "the rest and remainder of the Trust property" should be distributed equally. Since the Boggy Creek Property was a specific devise, it would not fall under "the rest and remainder of the Trust property." The Grantor's intentions were clear; thus, we must give effect to her intent. *See Barrett v. Kapoor*, 278 So. 3d 876, 879 (Fla. 3d DCA 2019). The Boggy Creek Property was to be specifically distributed to the parties with two-thirds to Appellant and one-third to Appellee, and the income derived from that property should likewise be distributed equal to the

10

beneficiary's fractional interest in the undistributed property. *See* § 738.202(1). Accordingly, the trial court erred in ordering that the parties share equally in the rental income received from the Boggy Creek Property.

Consequently, we reverse as to the damages calculated on Appellee's breach of fiduciary duty claim regarding Appellant's occupancy of the Boggy Creek Property. As stated, we do not disturb the trial court's order requiring Appellant to pay the Trust $25,900 representing the rental income collected from the niece for the guest house. Accepting, as the trial court did, the testimony of Appellee's expert witness that the rental value for the main house was $2,500, and assessing that amount for her occupancy of the main house from August 2018 through the end of February 2019 (the 19 months before she resigned as Successor Trustee), minus three months for readying the property to lease as determined by the trial court, then the total amount Appellant should have been assessed was $40,000 (16 months x $2,500). Further, we reverse as to the portion of the trial court's order that required the parties to share equally in the rental income received from the Boggy Creek Property. Pursuant to the terms of the Trust, one-third of the total rental income from the Boggy Creek Property should be distributed to Appellee. We remand with instructions for the trial court to modify the damages award consistent with this opinion. We affirm the remainder of the trial court's order.

AFFIRMED in part; REVERSED in part; and REMANDED with directions.

NARDELLA, J., and LAMBERT, B.D., Associate Judge, concur.

Eric S. Mashburn, of Law Office of Eric S. Mashburn, P.A., Winter Garden, and Claire J. Hilliard, of C.J. Hilliard Law, P.A., Winter Garden, for Appellant.

Beverly A. Pohl, of Nelson Mullins Riley & Scarborough, LLP, Boca Raton, and Regina Rabitaille, Todd K. Norman, and Olivia R. Share, of Nelson Mullins Riley & Scarborough, LLP, Orlando, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED